[Crim. No. 148.   Fifth Dist.   Sept. 24, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. ROBERT L. WINKELSPECHT, Defendant and Appellant.

228

Wallace G. May, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edsel W. Haws and Roger E. Venturi, Deputy Attorneys General, for Plaintiff and Respondent.

STONE, J.—Appellant Winkelspecht and his codefendant, Wester, were charged by separate informations with the crime

of nonviolent escape from a prison camp, violation of Penal Code section 4530, subdivision (b). Their cases were consolidated for trial and each was found guilty by a jury.

Appellant and Wester, inmates of Camp 16 at Beaver Creek, Calaveras Big Trees State Park in Tuolumne County, were assigned to work in the forest. On July 9, 1964, they walked away from their assigned work area. Searchers failed to locate them, and the next day a state fire prevention officer stopped appellant, who was walking along a mountain highway. When asked where he was going, appellant replied, "L.A." and gave a fictitious name. Noticing his unusual clothes and prison issue shoes, the officer took appellant to Beaver Creek Camp, where he was identified as one of the missing inmates. Wester was apprehended, alone and in a different location. Wester pleaded not guilty, while appellant pleaded not guilty and not guilty by reason of insanity. After a preliminary hearing, both men were held to answer. The attorney appointed to represent both Wester and appellant asked to be relieved of the obligation, and another attorney was appointed in his stead 12 days before trial.

The morning of trial, defense counsel moved to set aside the information as to each defendant on the ground that confessions had been taken from them in violation of the principles enunciated in the *Escobedo* and *Dorado* cases, and that these confessions were used against them at the preliminary hearing. We have not been furnished a copy of the transcript of the preliminary hearing and although we have the transcript of the proceedings in the superior court when the motion to set aside the information was made, the statements alleged to have been elicited do not appear in the record.

The trial judge, in denying the motion, noted that a rehearing had been granted in *People* v. *Dorado* which was then pending before the Supreme Court, but that he had read the transcript of the proceedings at the preliminary hearing and nothing therein violated the principles enunciated in *Escobedo* v. *Illinois*, 378 U.S. 478 [84 S.Ct. 1758, 12 L.Ed.2d 977]. Under the circumstances, we find no error in the trial court's order denying the motion to set aside the information. Furthermore, no evidence even remotely suggesting a confession or an admission was presented during the trial. We find no merit in the asserted error under the rule of *Dorado*.

Appellant's principal ground for reversal is that he was entitled to separate counsel as his interests and those of Wester were in conflict. At first glance the argument appears

plausible, but a careful examination of the record reflects that the defenses were not in conflict, but reciprocal. Wester testified he escaped because appellant threatend him with an ax if he would not escape with him. He added that appellant ''was acting kind of funny, and I thought maybe he was drunk or something.'' This testimony accorded with appellant's defense that he had no memory of what happened, and it was consonant with his plea of not guilty by reason of insanity. Appellant, in turn, by testifying that he had no memory of what happened, strengthened Wester's defense of coercion, since the two men were the only ones present when they left the work area.

That the defendants considered their defenses compatible rather than conflicting is apparent from the fact that neither of them asked for separate counsel nor complained, either before or during the trial, that one attorney was representing both of them. ■ It is permissible for one attorney to represent more than one defendant if the defendants make no objection. (*People* v. *Welch*, 212 Cal.App.2d 397 [28 Cal. Rptr. 112].)

Defendant cites a number of cases in support of his contention that it is error for one attorney to represent defendants with conflicting interests. All of these cases involve genuine conflicts of interest, however; in none are the defenses compatible. Furthermore, in the cited cases one or more of the defendants or an attorney involved made a request for separate counsel either before or during trial. (*Glasser* v. *United States*, 315 U.S. 60 [62 S.Ct. 457, 86 L.Ed. 680] ; *People* v. *Douglas*, 61 Cal.2d 430 [38 Cal.Rptr. 884, 392 P.2d 964] ; *People* v. *Donohoe*, 200 Cal.App.2d 17 [19 Cal. Rptr. 454] ; *People* v. *Kerfoot*, 184 Cal.App.2d 622 [7 Cal. Rptr. 674].) ■ In the absence of a request for separate counsel, objection to joint representation may not be heard for the first time on appeal. (*People* v. *Ingle*, 53 Cal.2d 407 [2 Cal.Rptr. 14, 348 P.2d 577] ; *People* v. *Sprinkle*, 201 Cal. App.2d 277 [19 Cal.Rptr. 804] ; *People* v. *Byrd*, 228 Cal.App. 2d 646 [39 Cal.Rptr. 644].)

■ Appellant also asserts the court erred in communicating with the jury after it had retired for deliberations, in violation of Penal Code section 1138. Twice the jury sent a note to the judge by way of the bailiff, the first time asking whether the same jury would try defendant's plea of not guilty by reason of insanity, the second concerning the nature of escape as a continuing offense. In each instance counsel for both sides stipulated that the trial judge might answer

the inquiry in writing. Any possible error was cured in that each time counsel approved the content of the communication to the jury.

Appellant alleges the court erred in denying his request for the trial of his plea of not guilty by reason of insanity, before a different jury. When the trial judge advised counsel that the same jury would try the issue of insanity, defense counsel and the district attorney each stated, "No objection, Your Honor." Then appellant conferred with his attorney, who advised the court: "Mr. Winkelspecht wants another jury if——", to which the trial judge replied that the matter rested in the sound discretion of the court and the same jury would try that issue if the trial became necessary. The matter was clearly within the discretion of the trial court, under the provisions of Penal Code section 1026. (*People* v. *Rupp*, 41 Cal.2d 371 [260 P.2d 1]; *People* v. *Van Winkle*, 41 Cal.2d 525 [261 P.2d 233].)

Finally, appellant asserts the trial judge erred in answering the question of the jury whether or not a person coerced to escape is under a duty to return to the camp once such coercion is removed. The judge prepared an instruction to cover circumstances posed by the jury's question, and before reading it said: ". . . the Court must be careful about invading the fact-finding province of the jury, and sometimes in answering these questions the Court has to assume certain facts. And I don't know whether these are facts that you might arrive at or whether it's just something that I'm arriving at. In any event, I do have an instruction which I will read to you and which might be of assistance to you in this regard." The instruction correctly stated the law, but appellant contends the mere giving of the instruction with the introductory explanation indicated to the jury that the court felt appellant had coerced Wester into escaping with him, and that the court thought appellant was guilty of escape.

We find no error. First, it is the duty of the trial court to instruct the jury on all issues and all rules of law that might become applicable under the evidence. Second, the trial court made it clear to the jury that whether or not the instruction was pertinent to their deliberations depended upon their conclusion as to the facts.

The judgment is affirmed.

Conley, P. J., and Brown (R. M.), J., concurred.