[Crim. No. 14749.   Second Dist., Div. One.   Sept. 19, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. CLEO R. BYRD, Defendant and Appellant.

Cleo R. Byrd in pro. per., and Raymond G. Kolts, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Thomas E. Warriner, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of robbery in the first degree.

In an information filed in Los Angeles on April 6, 1967, defendant was charged with codefendant Myrtis Stepna with robbing Joseph Hoffman on February 3, 1967. Each defendant pleaded not guilty. By stipulation the cause was submitted upon the testimony contained in the transcript of the proceedings had at the preliminary hearing and the exhibits there introduced with the right to introduce further evidence. Each defendant was found guilty as charged, the robbery was found to be in the first degree and further it was found that Byrd was armed with a dangerous and deadly weapon at the time of the commission of the offense. Byrd was referred under the provisions of section 1203.3, Penal Code. The Department of Corrections recommended in effect that Byrd be sentenced. Probation was denied and Byrd was sentenced to the state prison. A timely notice of appeal was filed.

A résumé of some of the evidence is as follows: Joseph Hoffman on February 2, 1967, operated a clothing store on Los Angeles Street. Appellant and Stepna came into the store and selected some merchandise which they apparently were unable to pay for at the time and they asked Hoffman to lay aside the items, and stated that they would be back later. The next day, on February 3, 1967, at about 8:30 a.m., appellant and Stepna returned to the store. Hoffman was asked whether he had the items which had been put away for codefendants the day before and he replied in the affirmative. Some changes were made in the items previously selected and appellant then told Hoffman: "I'm a stick up." Appellant then struck Hoffman with his fist, pulled out a revolver and hit Hoffman on the head several times with the gun. The defendants ran out of the store in the direction of the parking lot next door. Stephen Morgan operated the said parking lot on Los Angeles Street and saw the defendants enter the lot and then return in about 15 minutes. Morgan noted upon seeing appellant when he returned that the latter's hands had blood upon them. Appellant pulled out of his pocket all the change he had and gave it to Morgan. Morgan then heard Hoffman call out: "Stop this man. I've been robbed." Morgan directed appellant to wait saying: "You're not going to go any place. You better wait here and let's find out what's going on." Officer Velasco arrived very shortly and among other things observed a sweater lying in the alleyway behind the scene of the robbery and next to the parking lot. The sweater was identified

as one which had been taken from Hoffman's store. Velasco took a loaded revolver from appellant's pants pocket, which gun was identified as being the gun used by appellant in beating Hoffman. Manuel Eisenberg, a clerk at the store, saw Hoffman bring some clothing from the back of the store toward the front thereof when defendants came into the store on the 3d of February. Hoffman asked Eisenberg to add up the amounts owed for the purchases and while doing this Eisenberg heard Hoffman cry out and saw appellant with the gun and then saw Hoffman fall to the floor and appellant run from the store.

Appellant now contends that the failure to appoint separate counsel for the defendants or to grant a severance resulted in his being denied effective representation of counsel and constituted prejudicial error.

It must be noted that at the preliminary hearing the court made inquiry of each of the defendants as to whether it was satisfactory to each of them to be represented by Lloyd Griffith, their attorney, and each answered: ''Yes.'' Each was asked whether he had any questions with reference to any of his rights and each answered: ''No.'' At the time of trial the cause was submitted on the transcript of the preliminary hearing as heretofore indicated.

In *People* v. *Winkelspecht,* 237 Cal.App.2d 227, 230 [46 Cal.Rptr. 697], it is stated: ''It is permissible for one attorney to represent more than one defendant if the defendants make no objection. [Citation.] ▮ . . . In the absence of a request for separate counsel, objection to joint representation may not be heard for the first time on appeal. [Citations.]''

In this case neither defendant made any demand, request or even a suggestion that it was not agreeable to proceed with Lloyd Griffith as their attorney.

A reading of the record indicates clearly that the defenses of the two defendants were not in opposition and that there was no genuine conflict of interest. Appellant complains that counsel did not attempt to impeach his codefendant by showing that she had made some inconsistent statement with reference to a visitation the day before the robbery. Certainly under the facts of this case we are not persuaded that had counsel seen fit to attempt to impeach appellant's codefendant it would have resulted in a different determination insofar as appellant was concerned. In any event the failure under the circumstances did not reduce the trial to a farce or a sham.

Defense counsel did very well in representing appellant under the circumstances and considering the facts and evidence with which he had to work.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied October 18, 1968, and appellant's petition for a hearing by the Supreme Court was denied November 27, 1968.