[Crim. No. 2147.   Third Dist.   June 21, 1949.]

In re ELZIA EDWARD MEAD, on Habeas Corpus.

Elzia Edward Mead, in pro. per., for Petitioner.

Fred N. Howser, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

ADAMS, P. J.—■ Petitioner, in his petition for a writ of habeas corpus, seeks to have his term of imprisonment and his eligibility for parole redetermined, contending that while he was adjudged an habitual criminal with three prior convictions and sentenced to imprisonment for life without possibility of parole, at least one of the alleged priors was not one of the offenses set forth in section 644 of the Penal Code, and that he, therefore, is not ineligible for parole.

In December, 1940, petitioner was convicted in Los Angeles County of three counts charging robbery of the first degree. He admitted three prior felonies alleged in the information, one of which was an alleged conviction of burglary and larceny in Missouri in 1916. It is conceded by respondent in this proceeding that the Missouri conviction was of the crime of larceny only, and that the property taken was of the value of $20; and that as the applicable California statute at that date defined grand larceny as the taking of property of the value of more than $50, such conviction did not come within our Penal Code, section 644. (*In re McVickers*, 29 Cal.2d 264 [176 P.2d 40]; *In re Wolfson*, 30 Cal.2d 20 [180 P.2d 326].)

Petitioner also questions whether his alleged prior conviction in Oklahoma in October, 1917, should be considered as within section 644. The records of that conviction, however, show that the charge was the taking of automobile tires and other property of the value of $600, and that defendant pleaded guilty to the offense charged and served a term of imprisonment in the Oklahoma state penitentiary.

The third prior conviction was for second degree burglary in Missouri in 1918 and is not challenged by petitioner.

We therefore conclude that petitioner is an habitual criminal, but chargeable with two and not three priors; and that he is, therefore, not ineligible for release on parole under Penal Code, sections 3047 and 3048.

■ Petitioner also urges that it should be determined in this proceeding that he is now eligible for release on parole under Penal Code, section 3048.5, having already served more

than seven years. That section was enacted in 1945 (Stats. 1945, p. 1747), but its seven-year provision does not apply to persons convicted of *primary offenses* enumerated in Penal Code, section 644, as that section read prior to 1945, and as amended in 1945; and the primary offense of which petitioner was convicted is robbery which was then, and still is, enumerated in that section. (See *In re Harincar*, 29 Cal.2d 403, 407-408 [176 P.2d 58].)

Petitioner also suggests that he was denied due process of law because the information charging his primary offenses did not charge him with "the crime of being an habitual criminal." Penal Code, section 969, prescribes the procedure to be followed in charging prior convictions, and the prescribed course was followed in this case. Being an habitual criminal is not a crime in itself, and an allegation in the information that defendant was an habitual criminal would have been but the allegation of a conclusion that followed as matter of law the allegations of the commission of the primary offenses by one who had previously suffered two or more prior convictions of offenses enumerated in section 644, and the service of terms of imprisonment therefor. (Also see *Sturtevant* v. *Commonwealth*, 158 Mass. 598 [33 N.E. 648, 649].)

The writ is discharged with directions to the Adult Authority to redetermine the length of time petitioner shall serve as an habitual criminal with two, and not three, prior convictions, and to consider petitioner's eligibility for parole accordingly.

Schottky, J. pro tem., and Thompson, J., concurred.