[Crim. No. 2333. Third Dist. Jan. 10, 1952.]

In re ED GARDO, on Habeas Corpus.

Ed Gardo, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

SCHOTTKY, J. pro tem.—Petitioner Ed Gardo filed in this court a petition for a writ of habeas corpus seeking his release from imprisonment in the state penitentiary at Folsom, contending that he was improperly adjudged to be an habitual criminal for the reason that the information insufficiently charged two prior convictions in that it was not specifically alleged that petitioner served time in a state prison upon each of the prior convictions, but merely that he served time in a penal institution. An order to show cause was issued by this court, directed to Robert A. Heinze, warden of the state prison at Folsom, and an answer and return has been filed by said warden.

It appears from the petition and the exhibits attached thereto that Gardo was convicted in the Superior Court of Fresno County of the crime of sodomy. He was charged with two prior convictions of burglary, one in Siskiyou County and one in Sacramento County. As to each prior conviction, which he admitted, it was alleged that the defendant "served time in a penal institution therefor." He admitted each of said prior convictions and entered a plea of not guilty to the

principal charge of sodomy. Following his trial by jury and conviction upon the charge of sodomy, petitioner was adjudged an habitual criminal and sentenced to imprisonment in the state prison for the term of his natural life. The duly authenticated exhibits attached to the return of Warden Heinze show that in each of the prior convictions charged in the information petitioner served a term in a state prison in California.

The case of *In re Wolfson,* 30 Cal.2d 20 [180 P.2d 326], considered the problem presented in this proceeding. It was therein held that, although the use of the phrase ''penal institution'' rather than ''State prison'' in charging a prior conviction and service of a term of imprisonment therefor might be insufficient, nevertheless, on habeas corpus the court could determine the actual facts, and if it were shown that petitioner did serve time in a state prison his status as an habitual criminal would be supported. In that case the Supreme Court took evidence showing that petitioner had in fact served time in a state prison, whereas he was merely charged with having served time in a penal institution. In holding that such evidence was proper in a proceeding in habeas corpus, the court stated, at page 26:

''Petitioner contends that for the 1913 Pennsylvania conviction he did not serve a term in a state prison or federal penitentiary as required by section 644 of the Penal Code. The California information charged and the trial court found that petitioner served the term 'in a penal institution.' This is insufficient to bring the prior conviction within section 644, for the phrase 'penal institution,' as used by the Legislature in other sections of the Penal Code which deal with repeated offenders, refers to a county jail as well as a state prison or federal penitentiary. Thus section 666 provides for punishment of offenders who have suffered a previous conviction of petty theft and 'served a term therefor in any penal institution.' The 'penal institution' there referred to must include a county jail, for in California one who is convicted of petty theft and who has suffered no previous conviction can be imprisoned only in a county jail. (Pen. Code, § 490.)

''However, the determination of service of a term of imprisonment, a necessary part of the determination of habitual criminality, 'does not involve the validity or finality of a judgment of conviction, as such,' and both petitioner and respondent, as already stated, may refer to matters outside the California judgment roll in order to show the actual

status of petitioner. (*In re McVickers* (1946), *supra,* pp. 271, 272, 279 of 29 Cal.2d [176 P.2d 40]; *In re Seeley* (1946), *supra,* pp. 298, 299 of 29 Cal.2d [176 P.2d 24].)''

The Supreme Court then proceeded to examine the facts and found that petitioner had served a term of imprisonment in a state prison on his prior convictions, and thereupon discharged the writ previously issued.

In view of the fact that upon the record now before us it appears clearly that the petitioner was convicted of the two prior offenses charged, and served a term in the state prison on each of them, the petition for writ of habeas corpus should be and it is hereby denied.

Peek, J., and Van Dyke, J., concurred.