[Crim. No. 10296.   In Bank.   Nov. 30, 1966.]

In re LOUIS D. PONCE on Habeas Corpus.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

Louis D. Ponce, in pro. per., and Marcus Vanderlaan, under appointment by the Supreme Court, for Petitioner.

Thomas C. Lynch, Attorney General, Edsel W. Haws, John L. Giordano and Daniel J. Kremer, Deputy Attorneys General, for Respondent.

TRAYNOR, C. J.—Petitioner attacks a judgment imposing concurrent sentences for two first degree robberies and a kidnaping for the purpose of robbery and expressly adjudging that petitioner is an habitual criminal who should be punished under Penal Code section 644, subdivision (a).[1] The judgment was affirmed in *People* v. *Ponce* (1950) 96 Cal.App.2d 327 [215 P.2d 75].

Petitioner contends and the Attorney General concedes that, as established by the undisputed facts recited in *People* v.

---

[1]The applicable part of section 644, unchanged since the rendition of the 1949 judgment here attacked, reads: ''(a) Every person convicted in this State of the crime of robbery . . . [or] kidnaping . . . who shall have been previously twice convicted upon charges separately brought and tried, and who shall have served separate terms therefor in any state prison . . . of the crime of robbery . . . [or] felonious assault with a deadly weapon . . . shall be adjudged a habitual criminal and shall be punished by imprisonment in the state prison for life.''

*Ponce, supra*,[2] Penal Code section 654[3] precludes punishing petitioner for both the robbery and the kidnaping of Louis Pitzel. (*Neal* v. *State of California* (1960) 55 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839].) ■ As in *People* v. *Knowles* (1950) 35 Cal.2d 175, 180, 186, 189 [217 P.2d 1], criminal conduct in connection with the robbery constituted kidnaping for the purpose of robbery under Penal Code section 209 as that statute read at the time of the offenses. Since the punishment for such kidnaping (life imprisonment with possibility of parole) is greater than that for first degree robbery (imprisonment for not less than five years; Pen. Code, § 213) the robbery sentence must be set aside to preclude the possibility that the sentence might prejudice petitioner in the Adult Authority's fixing of his term. (*In re Ward* (1966) 64 Cal.2d 672, 676 [51 Cal.Rptr. 272, 414 P.2d 400]; *People* v. *McFarland* (1962) 58 Cal.2d 748, 763 [26 Cal.Rptr. 473, 376 P.2d 449].)

■ The legal effect of the determination of habitual criminality is moot. That determination made petitioner ineligible for parole until he had served a minimum term of nine years. (Pen. Code, § 3047.5.) Petitioner served that minimum commencing in 1950 and has since been paroled and returned to prison under sentence for another crime.

Regardless of their timeliness, petitioner's attacks on the determination of habitual criminality are groundless. He contends that he was denied the reasonable notice and opportunity to be heard that due process requires in recidivist proceedings. (*Oyler* v. *Boles* (1962) 368 U.S. 448, 452 [7 L.Ed.2d 446, 82 S.Ct. 501].) ■ The information alleged and petitioner admitted that in 1930 he had been convicted of the felony of assault with a deadly weapon and served a term in the state prison for that offense and that in 1940 he had been convicted of the felony of robbery and served a term in the state prison for that crime. The accusatory pleading thus gave petitioner notice that he was charged with having suffered prior convictions that could lead to a determination that he was an habitual criminal. This notice was sufficient

---

[2]Petitioner and two confederates held up Pitzel's cafe. A confederate took money from Pitzel at gunpoint, then forced him to move 60 feet from the bar to an office and 40 more feet from the office to the restroom. Meanwhile petitioner at gunpoint had forced the customers and employees into the restroom. There petitioner took money from Addis, a customer.

[3]Penal Code section 654: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one. . . ."

without additional express allegations regarding habitual criminality or the terms of section 644. (*People* v. *Dunlop* (1951) 102 Cal.App.2d 314, 316 [227 P.2d 281]; *In re Mead* (1949) 92 Cal.App.2d 536, 538 [206 P.2d 1091]; see also *People* v. *Jackson* (1950) 36 Cal.2d 281, 287 [223 P.2d 236]; *In re Gilliam* (1945) 26 Cal.2d 860, 866 [161 P.2d 793].)

During the proceedings before imposition of sentence and until 60 days after the commencement of imprisonment (Pen. Code, § 644, subd. (c))[4] petitioner and his counsel had the opportunity to raise any question as to the legal sufficiency of the prior convictions to support the determination of habitual criminal status and as to circumstances that might have led the trial court in its discretion to relieve petitioner of that determination. They did not seek to avail themselves of the opportunity and therefore were not denied it. (*Oyler* v. *Boles, supra,* 368 U.S. 448, 454.)

Petitioner contends that the determination of habitual criminality is defective on the ground that at the trial it was not alleged or established that he served separate terms for the two prior convictions as required by Penal Code section 644. (See *People* v. *Collins* (1964) 228 Cal.App.2d 460, 465 [39 Cal.Rptr. 595]; *People* v. *Shaw* (1965) 237 Cal.App.2d 606, 616 [47 Cal.Rptr. 96].) Authenticated records now before us, however, show that he completed and was discharged from his 1930 sentence before he suffered his 1940 conviction. (See *In re Wolfson* (1947) 30 Cal.2d 20, 26 [180 P.2d 326]; *In re Gardo* (1952) 108 Cal.App.2d 615, 616 [239 P.2d 77]; *People* v. *Shaw, supra,* 237 Cal.App.2d 606, 616.)

The sentence for the robbery of Pitzel is set aside and the Adult Authority is directed to exclude that purported sentence from its consideration in fixing petitioner's term. Petitioner is not entitled to release, however, for he is held under other valid judgments of conviction. The order to show cause is discharged and the petition for a writ of habeas corpus is denied.

McComb, J., Peters, J., Tobriner, J., Peek, J., Mosk, J., and Burke, J., concurred.

Petitioner's application for a rehearing was denied December 28, 1966.

---

[4]Penal Code section 644: " (c) Provided, however, that in exceptional cases, at any time not later than 60 days after the actual commencement of imprisonment, the court may, in its discretion, provide that the defendant is not an habitual criminal, and in such case the defendant shall not be subject to the provisions of this section or of Sections 3047 and 3048 of this code [limiting eligibility of habitual criminals for parole]."