[Crim. No. 11232.   Second Dist., Div. Four.   Dec. 20, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. JAMES ED-
WARD SCOTT, Defendant and Appellant.

Gilbert F. Nelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

FILES, P. J.—In superior court case 296636 a jury found defendant guilty of these offenses, all committed on November 4, 1964:

Burglary (Pen. Code, § 459).

Robbery (Pen. Code, § 211).

Assault with a deadly weapon upon Hilareo Alvarez (Pen. Code, § 245).

Kidnaping of Irene Alvarez (Pen. Code, § 207).

The burglary and robbery were each found to be in the first degree, and defendant was found to have been armed at the time he committed the robbery.

The jury acquitted defendant of two other counts charging attempted murder and assault with intent to murder.

The court sentenced defendant to state prison for each of the four offenses of which he was convicted, the terms to run concurrently.

In case 279170 defendant was, on December 12, 1963, sentenced to state prison for violation of Vehicle Code section 10851. Execution was suspended and defendant was placed on probation for three years. When the court pronounced judgment in case 296636, it also revoked probation in case 279170 and ordered the prison sentence carried into effect.

Defendant filed a notice of appeal from the "judgment" in each case. In case 279170 the notice is not timely as an appeal from the judgment (Cal. Rules of Court, rule 31(a)) but it may be construed as an appeal from the order revoking probation, which is appealable under Penal Code section 1237, subdivision 3. (See *People* v. *Robinson,* 43 Cal.2d

143, 145 [271 P.2d 872].) Since the court had good cause to revoke probation, the order must be affirmed.

█ █ The following discussion concerns case 296636 : The evidence is unquestionably sufficient to support the verdicts. The prosecution's evidence establishes in substance the following : About 1 a.m. on November 4, 1964, defendant and another man entered the residence of Hilareo Alvarez and his daughter Irene. Defendant carried a small gun. Hilareo attempted to take the gun but did not succeed. Upon defendant's instruction the confederate took $81 from Hilareo's trousers. Then defendant struck Hilareo on the head with the gun, tearing the scalp, and when the victim fell to the floor defendant kicked him. When the robbers left they took Irene with them and placed her in their automobile. Hilareo ran out of the house after them. As he approached the car they drove it at him, but he jumped out of the way. Hilareo attempted to follow the vehicle on foot, and defendant fired one shot at him. Irene was taken to a church where the men had intercourse with her.

█ Defendant took the witness stand and denied his guilt, testifying that he had been sitting in a cafe the night the crimes were committed.

The jury's finding on this fact issue is not reviewable here. (*People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].)

Our review of the record discloses no ground of reversal except with respect to the sentences which were imposed. Penal Code section 654 provides ''An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one ; . . .''

In *People* v. *McFarland,* 58 Cal.2d 748, 760 [26 Cal.Rptr. 473, 376 P.2d 449], the court said that earlier cases had established ''. . . that the prohibition of the statute against double punishment applies not only where 'one ''act'' in the ordinary sense' is involved but also where there is a 'course of conduct' which violates more than one statute and comprises an indivisible transaction punishable under more than one statute within the meaning of section 654 ; that the divisibility of a course of conduct depends upon the intent and objective of the defendant; and that if all the offenses are incident to one objective, the defendant may be punished for any one of them but not for more than one.''

In *People* v. *Quinn,* 61 Cal.2d 551, 555 [39 Cal.Rptr. 393, 393 P.2d 705], the Supreme Court held that ''concurrent

sentences are double punishment.'' (Accord: *In re Romano,* 64 Cal.2d 826 [51 Cal.Rptr. 910, 415 P.2d 798]; *In re Henry,* 65 Cal.2d 330 [54 Cal.Rptr. 633, 420 P.2d 97]; *In re Ponce,* 65 Cal.2d 341 [54 Cal.Rptr. 752, 420 P.2d 224].)

In the case at bench, the manner in which the trial judge approached the issue is disclosed by his remarks just before he pronounced sentence:

"THE COURT: Frankly, the only problem that sometimes presents itself to the Court in connection with the imposition of sentence is the matter of imposing sentences, even though they are concurrent sentences, because of the numerous decisions by our Appellate Courts with reference to the matter of the imposition of concurrent sentences. So, we leave that up to the Appellate Courts to make that determination. Actually, of course, here the defendant was convicted of four counts, but we have really two offenses that were involved.

"MR. ROSEN: Yes.

"THE COURT: Two or three offenses.

"MR. ROSEN: Two, I would say.

"THE COURT: Well, there was the burglary—

"MR. ROSEN: Well, the burglary—

"THE COURT: —the burglary was for the purpose of committing robbery. The burglary and the robbery would be one—

"MR. ROSEN: I would say so.

"THE COURT: —or, if the burglary was for the purpose of kidnaping. But, in connection with the burglary and the robbery, there was a vicious assault committed on Mr. Hilareo Alvarez, the firing of a shot, and then in addition to that this very unfortunate girl, Irene Alvarez, who is mentally retarded, was kidnaped, and we know from the testimony that was introduced that she was subjected to some very vicious treatment by the defendant. But, by reason of her mental condition, she was really not in a position to testify as to those details. So, it is true we really have these two principal offenses.

"What I am going to do is just impose concurrent sentences as to all of these offenses, and, as I said a moment ago, we will let the Appellate Court determine, should there be any appeal, with reference to the matter of imposing these concurrent sentences.''

Contrary to the supposition of the trial judge, the appellate court is not in a position to do what the trial court failed to do. Since the divisibility of the transaction depends in part upon the intent of the defendant, a factual issue is

presented. It is the function of the trial court, after seeing and hearing the witnesses, to determine this factual matter which controls the number of sentences to be imposed. A reviewing court is not the place to try facts.

■ It seems clear enough that the defendant entered the house for the purpose of committing the robbery, and hence punishment for both burglary and robbery would be improper. (*In re Dowding*, 188 Cal.App.2d 418, 423 [10 Cal.Rptr. 392].) ■ But the relationship between the assault and the other offenses is not at all clear. The evidence shows three distinct assaults upon Hilareo Alvarez: The first was inside the house, and might easily be deemed a part of the robbery. The second was the attempt to run him down with the automobile. The third was in firing the gun as the robbers drove away taking Irene with them. The latter two were not necessarily in furtherance of the robbery. (See *People* v. *Roth*, 228 Cal.App.2d 522, 534-535 [39 Cal.Rptr. 582].) It is a reasonable inference that the intent of the defendant, in menacing Hilareo with automobile and gun, was to discourage any attempt to rescue Irene. This view of the evidence, if adopted by the trier of the facts, would have supported a separate punishment for the assault. The Supreme Court has pointed out that when there are multiple victims, multiple punishment is permissible. "Section 654 is not '. . . applicable where . . . one act has two results each of which is an act of violence against the person of a separate individual.' " (*Neal* v. *State of California*, 55 Cal.2d 11, 20-21 [9 Cal.Rptr. 607, 357 P.2d 839].) By this reasoning, the kidnaping of Irene and an assault upon Hilareo in aid of it could support separate sentences. (See *People* v. *Ridley*, 63 Cal.2d 671, 678 [47 Cal.Rptr. 796, 408 P.2d 124].)

■ The trial judge correctly stated that there were "Two or three offenses." The Attorney General has suggested that the appropriate procedure would be to remand the case to the trial court with instructions to decide whether it was two or three. But under the circumstances of the case this additional procedure does not appear to have any practical value. The term prescribed by law for robbery in the first degree is 5 years to life (Pen. Code, §§ 213, 671) and for kidnaping not less than 1 nor more than 25 years (Pen. Code, § 208). In fixing appellant's term, the Adult Authority will have access to a great deal of information concerning the circumstances surrounding the crimes and the background of the offender (see Pen. Code, §§ 1203, 1203.1, 1203c, 5068, 5076.1) in order

to ''make the punishment fit the criminal. . . .'' (*In re Lee,* 177 Cal. 690, 692 [171 P. 958].) In deciding whether defendant's term should be fixed at life or some shorter term for the robbery and the kidnaping, the Adult Authority is not likely to be concerned about whether the felonious assaults were a part of one or a part of the other. But there is no reason to believe that in a case of this kind the imposition of a theoretically permissible third concurrent sentence for assault would have any influence whatever upon the action of the Adult Authority.

This is a case in which it was proper to convict defendant of all four crimes, even though he may not be punished for all of them. ▉ In *People* v. *McFarland,* 58 Cal.2d 748, 762-763 [26 Cal.Rptr. 473, 376 P.2d 449], the court said:

''With respect to the procedure to be followed on appeal where double punishment has been erroneously imposed, it should be stressed that section 654 proscribes double punishment, not double conviction; conduct giving rise to more than one offense within the meaning of the statute may result in initial conviction of both crimes, only one of which, the more serious offense, may be punished. [Citation.] The appropriate procedure, therefore, is to eliminate the effect of the judgment as to the lesser offense insofar as the penalty alone is concerned.''

The rule that ''concurrent sentences are double punishment'' (*People* v. *Quinn,* 61 Cal.2d 551, 555 [39 Cal.Rptr. 393, 393 P.2d 705]) is derived from a line of cases in which a defendant had been convicted twice for a single act, under circumstances which made multiple conviction improper. These cases include:

*People* v. *Craig,* 17 Cal.2d 453, 458 [110 P.2d 403] (conviction of both forcible rape and statutory rape for a single act).

*People* v. *Kehoe,* 33 Cal.2d 711 [204 P.2d 321] (conviction of auto theft and driving the same auto without consent).

*People* v. *Nor Woods,* 37 Cal.2d 584 [233 P.2d 897] (conviction of two counts of grand theft for a single fraudulent sale).

In each of those cases the Supreme Court reversed not merely the sentence, but the conviction for one of the offenses. Two convictions would have implied two rapes or two thefts. There elimination of an improper conviction was necessary ''to preclude the dual judgments of the trial court from hereafter working any possible disadvantage or detriment to the defend-

ant in the later fixing of his definite term. . . ." (*People* v. *Craig, supra,* 17 Cal.2d at pp. 458-459; *People* v. *Kehoe, supra,* 33 Cal.2d at p. 716.)

In the case at bench, where multiple conviction is proper, there is no reason to think that the People will be prejudiced by the absence of one more potential sentence to be served concurrently with the two which are unquestionably valid. Remand is therefore unnecessary.

In case 296636 the judgment is modified by striking therefrom the sentences for burglary and assault with a deadly weapon. As so modified the judgment is affirmed.

In case 279170 the order revoking probation is affirmed.

Jefferson, J., and Kingsley, J., concurred.