[Crim. No. 11892.   Second Dist., Div. Two.   June 19, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE RODNEY WILKINS, Defendant and Appellant.

Adley M. Shulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Ronald M. George, Deputy Attorney General, for Plaintiff and Respondent.

ROTH, P. J.—Appellant Wilkins, Stanton, and Miller were charged by information with armed robbery, in violation of Penal Code, section 211, and appellant was further charged with a prior felony conviction for robbery in Missouri in 1954.

At the preliminary hearing on August 2, appellant and Stanton were represented by the same deputy public defender, and Miller by other counsel. When arraigned in superior court, a not guilty plea and denial of the prior were entered on behalf of appellant. On September 8, on motion of the public defender based on conflict of interest, private counsel was appointed to represent appellant.

On October 19, the cause was called for trial. The three defendants each waived jury trial and stipulated to submission of the causes on the transcript of the preliminary hearing, reserving the right to offer additional evidence. Appellant and Miller also waived jury trial on the truth of the priors charged against them.

Appellant was the sole witness on his behalf. He was found guilty of first degree robbery, but the court found appellant was not armed at the time of commission of the offense. Stanton was found guilty of first degree armed robbery; Miller was found not guilty. Appellant's Missouri prior was found true; probation was denied. Appellant was sentenced to state prison.

At approximately 9 p.m. on July 20, 1965, appellant, Stanton, and Miller drove to the Kopper Keg Liquor Store in Los Angeles. Miller stayed in the car while appellant and Stanton entered the store. Stanton went to the icebox, took out two cans of beer, and brought them to the counter where appellant paid the night clerk, Ed Proctor, for them.

Stanton then took a derringer pistol out of his pocket and without saying anything, began striking Proctor with the gun. Proctor ran towards the bathroom at the rear of the store with Stanton chasing him. Proctor locked himself in the bathroom.

Proctor heard a kicking sound against the door, then the sound of the cash register, and finally that of a car driving away. He came out of the bathroom and found the cash register on the floor, open, and more than $100 missing. Two or three minutes later, a man entered the store and gave Proctor the license number of the vehicle in which the men had driven off.

Proctor called police, gave them the license number of the car, and later, a description of the two men who robbed him. At approximately 9:15 p.m., officers of the Los Angeles Police Department saw the car on the Harbor Freeway, stopped it, and arrested the three men. A search of the vehicle turned up a derringer pistol and loose money in bills and change, totaling $121.75, as well as business cards from the Kopper Keg and two open cans of beer. Later the same evening, Proctor identified appellant and Stanton as the two men who had robbed him.

Appellant contends he was deprived of effective representation since he did not have separate counsel at the preliminary hearing. He also asserts that his prior, a Missouri conviction, was not a felony within the California definition.

A single attorney may represent more than one defendant if the defendants make no objection to such joint representation. (*People* v. *Winkelspecht,* 237 Cal.App.2d 227, 230 [46 Cal.Rptr. 697]; *People* v. *Welch,* 212 Cal.App.2d 397, 401 [28 Cal.Rptr. 112].) Appellant concedes that failure to raise the question of denial of effective representation by counsel at the preliminary hearing by motion under Penal Code, section 995, precludes raising the issue as grounds for reversal on appeal. (Pen. Code, § 996; *In re Van Brunt,* 242 Cal.App.2d 96, 106 [51 Cal.Rptr. 136]; *People* v. *Odom,* 236 Cal.App.2d 876, 878 [46 Cal.Rptr. 453]; *People* v. *Byrd,* 228 Cal.App.2d 646, 649 [39 Cal.Rptr. 634].)

Appellant argues, however, that this rule is inconsistent with the concept of right to counsel because appellant, represented at the preliminary hearing by counsel who represents a codefendant as well, will not obtain "independent advice," presumably even of the desirability of having separate counsel. Appellant makes no showing and the record describes

none of prejudice to appellant by reason of the dual representation.

■ If the public defender deemed it appropriate to sever representation of the two defendants at the preliminary properly to protect their interests, it is fair to assume he would have so advised appellant and/or the court.

■ Further, when appellant did have separate counsel acting in his behalf at the trial, no attempt was made by independent counsel to raise the issue of prejudice from prior joint representation at the preliminary. The fact that appellant's case was submitted on the transcript of the preliminary with the addition of testimony by appellant confirmed the fact that joint representation at the preliminary hearing caused no prejudice to appellant.

Appellant argues that his Missouri conviction did not constitute a felony in California because 1) he served his sentence in the Missouri Intermediate Reformatory, which he alleges is analogous to a California Youth Authority commitment, and 2) the elements of "robbery" as defined by Missouri law do not include "intent" to commit theft. Appellant specifically requests that " [t]o the extent that the judgment herein might, in the future, have a res judicata effect upon a future proceeding under the habitual criminal provisions of California Penal Code section 644, the judgment should therefore be corrected." Appellant asserts as a corollary to this argument that the case must be returned to the trial court for a redetermination of whether probation should be granted.

■ The prior charged against appellant was a 1954 "conviction" in the circuit court of the State of Missouri for the County of Jackson, for "robbery," a "felony," and that appellant served a sentence therefor in the "state prison." Appellant and the prosecution stipulated that ". . . the validity or nonvalidity of the prior *be determined by the probation report,* together with any other evidence that the People introduce at a later date." (Italics added.) On cross-examination, appellant admitted his prior "felony" conviction for robbery when impeached by the prosecution.

Prior to sentence, the court stated: "This court has read and considered the reports of the probation office as regards each defendant, has likewise reviewed the documents submitted as to the prior conviction as to Wilkins, and is ready to proceed."

On this state of the record, the burden of proving appel-

lant's prior was satisfied. There is no need to return the case for redetermination as to probation.

■ The questions relative to a habitual criminal proceeding pursuant to Penal Code, section 644, are prematurely raised.

For purposes of *sentencing*, what is significant is only that appellant was convicted of a prior felony offense. ■ As pointed out in *People* v. *Niles*, 227 Cal.App.2d 749, at p. 757 [39 Cal.Rptr. 11], in habitual criminal proceedings it is necessary that the prior offense also be one enumerated in Penal Code, section 644. Once the trial court was satisfied in the instant case, however, that appellant was convicted of any felony, its need for further determination was at an end.

■ It is conceded that the burden on the prosecution to prove the validity of a prior conviction differs, depending on the purpose for which the prior is being used—i.e., for impeachment, for sentencing, or for adjudication of habitual criminal status. (Compare the language in *People* v. *Morton*, 41 Cal.2d 536, 539 [261 P.2d 523], a habitual criminal determination, with that of *People* v. *Niles*, 227 Cal.App.2d 749, 757-758 [39 Cal.Rptr. 11], where a prior was used for impeachment purposes.) Thus, appellant could admit his prior on impeachment, but challenge its validity for use in sentencing.

In *People* v. *Morton, supra,* our Supreme Court pointed out the "serious nature" of habitual criminal proceedings, and went on to hold that the People must prove prior convictions beyond a reasonable doubt. (See *In re McVickers*, 29 Cal.2d 264, 278 [176 P.2d 40].) The court then stated: "If the convictions were suffered *in other states* for offenses that go by *different names* from those in California, the People must prove that the minimum elements of the foreign offense are substantially similar to the minimum elements of one of the offenses enumerated in Penal Code, section 644(a)." (Italics added.)

The language in *Morton, supra,* emphasized above, indicates that the absent objection by appellant and offer of proof at trial as to the nonvalidity or nonfelonious character of his prior conviction, for whatever reason, the prosecution has met its burden of proof by alleging, and offering into evidence as here, a certified copy of a felony conviction which is denominated identically with a parallel California offense. ■ Had appellant wished to controvert the presence or absence of

California "elements" of robbery in Missouri (at least for purposes of sentencing where parallelism with a section 644 enumerated offense is not required), he should have raised his contentions below and thereby necessitated additional proof by the prosecution. (See *People* v. *Niles, supra,* at p. 758.)

█ In the instant case, by stipulation, the trial court ruled on the validity of the Missouri prior on the basis of the contents of the probation report, as well as the other proof offered by the People. We may consider this fact and the evidence which thereby was properly before the trial court in reaching its conclusion. (See *People* v. *Espinoza,* 214 Cal.App. 2d 718, 720-721 [50 Cal.Rptr. 879].)

The probation report describes appellant's Missouri conviction as one for "armed robbery" and includes appellant's statement to the probation officer that he and three other men participated in a holdup of a drive-in restaurant. Clearly, therefore, even if appellant be correct in his statement that specific intent is not required for robbery in Missouri (*State* v. *Kennebrew* (Mo. 1964) 380 S.W.2d 293, 295 as it is in California (*People* v. *Morlock,* 46 Cal.2d 141, 146 [292 P.2d 897]), there is no possibility that appellant's conviction under the Missouri statute was for a nonfelony such as civil conversion, or a misdemeanor such as simple assault, as appellant suggests.

█ Recognizing appellant's failure to challenge the prior as to the effect of the intermediate reformatory sentence imposed, and that the trial court would not have known from the probation report the legal characterization of such an institution, we wish to point out that appellant was not prejudiced thereby. Examination of Vernon's Annotated Missouri Statutes, sections 217.730 and 217.740 indicates that Missouri considers such commitment "punishment" and that the purpose of the intermediate reformatory is simply to segregate from hardened criminals those convicted for the first time of a felony who are between the ages of 17 and 25. (Compare Welf. & Inst. Code, §§ 1700 and 1768 describing the California Youth Authority.) In California, commitment to the Youth Authority is not a sentence to a state prison for punishment of a criminal conviction. (See *In re Keller,* 232 Cal.App.2d 520, 524-526 [42 Cal.Rptr. 921].)

█ As pointed out, the burden of proof of prior convictions may depend on the context or intended use of the prior. In a future habitual criminal proceeding against appellant,

should one become necessary, he would not be precluded from challenging his prior Missouri conviction. The instant proceeding does not have res judicata effect in a later habitual criminal proceeding so far as concerns collateral attack of the priors alleged at that time. (See *In re Ponce*, 65 Cal.2d 341 [54 Cal.Rptr. 752, 420 P.2d 224] ; *In re Woods*, 64 Cal.2d 3 [48 Cal.Rptr. 689, 409 P.2d 913].)

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.

A petition for a rehearing was denied July 12, 1967, and appellant's petition for a hearing by the Supreme Court was denied September 13, 1967. Peters, J., was of the opinion that the petition should be granted.