[No. A039921. First Dist., Div. One. June 7, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
RONALD DWAYNE DAVIS, Defendant and Appellant.

**[Opinion certified for partial publication.‡]**

‡ Pursuant to rules 976(b) and 976.1 of the California Rules of Court, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

318

COUNSEL

Marilyn Drath, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Lawrence K. Sullivan and Blair W. Hoffman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**HOLMDAHL, J.**—Defendant solicited an undercover police officer to murder two persons. He complains on appeal of insufficient corroboration of the solicitation, of erroneous admission in evidence of a tape-recorded statement which he made to the police, and of multiple convictions for what was only a single act of solicitation.

The judgment is affirmed.

*Statement of Facts*

Viewed in a light most favorable to the People, evidence presented by the prosecutor at defendant's trial revealed the following facts.

Defendant believed that Denise Hale and Timothy Walters had set him up and had him arrested. He thought that they might appear as witnesses against him at trial. In fact, Denise Hale had become suspicious that property which defendant had left at her house was stolen and, after Hale learned that the police were looking for defendant, she called the police to notify them that defendant was at her house one evening in mid-September 1986. The police came to Hale's house and arrested defendant there. During the period from mid-September through November of 1986, defendant made numerous telephone calls to Hale's place of employment. In those telephone calls, defendant threatened to plant a bomb in Hale's car which would cause it to explode when she started it, threatened to have someone wait and kill Hale when she got off work, and threatened "to fuck her in the ass."

As of December 7, 1986, defendant was an inmate in the Sonoma County jail. Sergeant Roger Whitchurch of the Lake County Sheriff's Department

visited defendant in jail that evening. Whitchurch was working undercover, posing as a civilian, and paid the visit with an understanding that defendant was going to solicit him to commit murder. Defendant told Whitchurch that he had a job for him to do, and indicated that the job was to kill two persons, one of whom was Hale, and that defendant proposed to pay Whitchurch $50,000 for each of the two murders. Defendant felt uneasy about discussing details in the jail visiting area, and asked Whitchurch to give his telephone number to defendant's girlfriend, Tammy Caristi, who was standing behind Whitchurch. This conversation between defendant and Whitchurch was not electronically recorded, and Caristi was not close enough to hear any of it.

Whitchurch gave Caristi a Lake County Sheriff's Department undercover telephone number. Defendant called Whitchurch and conversed with him at that number several times during December, 1986 and January, 1987. In those conversations, which were tape-recorded, defendant identified Walters as the other person whom he wanted killed, provided physical descriptions, addresses, and other details about Hale and Walters which would enable Whitchurch to find and to identify them, and discussed details of the timing of the murders and how Whitchurch was to receive his pay for the killings. In the event, neither murder took place, and Whitchurch never received any portion of the fees on which he and defendant had agreed for the killings.

At his trial for solicitation of murder, defendant presented no evidence contradicting or explaining the above outlined facts.

### Procedural History

An information filed in Sonoma County Superior Court on April 16, 1987, charged defendant with two counts of solicitation of murder, in violation of Penal Code section 653f, subdivision (b).[1] On June 10, 1987, a jury

---

[1] At the time defendant solicited Whitchurch, Penal Code section 653f, subdivision (b), provided, "Every person who solicits another to commit or join in the commission of murder is punishable by imprisonment in the state prison for two, four, or six years." A 1987 amendment changed this subdivision to provide, "Every person who, with the intent that the crime be committed, solicits another to commit or join in the commission of murder is punishable by imprisonment in the state prison for three, six, or nine years." (Stats. 1987, ch. 1367, § 2.) The addition of an explicit intent element was merely the codification of well established case law.

All statutory references, unless otherwise noted, are to the Penal Code.

found defendant guilty as charged. Defendant was sentenced to serve six years in state prison on each count, the two terms to run concurrently.

*Sufficiency of Corroboration*

[[/]]*

*Admission Into Evidence of Tape Recording*

[[/]]*

*Judgment of Conviction for Two Counts of Solicitation*

In *People* v. *Morrocco* (1987) 191 Cal.App.3d 1449, 1451 [237 Cal.Rptr. 113], the defendant solicited an acquaintance, whom he did not know was a police informant, to murder his ex-wife and her husband, in exchange for drugs and weapons. The defendant was convicted of two counts of solicitation of murder. (*Id.,* at p. 1450.) The Court of Appeal, Fourth Appellate District, Division One, held, as a matter of law, that the evidence before the jury demonstrated that "the multiple crimes requested by the defendant were part of a 'larger, all-inclusive' plan with a single objective and/or motive," and established "but a single crime of solicitation. The potential victims were a husband and wife. They were to be killed at the same time, presumably by the same means," and there was "certainly no suggestion of an independent motive or objective as to each victim." (*Id.,* at pp. 1453-1454, quoting *Blumenthal* v. *United States* (1947) 332 U.S. 539, 558. [92 L.Ed. 154, 169, 68 S.Ct. 248]) Accordingly, the Court of Appeal ordered the conviction on one of the two solicitation counts stricken. (*Id.,* at p. 1454.)

█ In the present case, the evidence is sufficient to support a finding of two crimes of solicitation, under the standards embraced by the *Morocco* court. At the initial conversation between Whitchurch and defendant at the Sonoma County jail on December 7, 1986, Whitchurch had asked defendant, "[S]o this will be two singles?" Defendant replied, "Yeah, we can talk more about it, but it will be two at fifty thousand each." In a telephone

---

*See footnote, *ante,* page 317.

conversation on December 15, 1986, defendant gave Whitchurch two separate addresses for Hale and Walters. Thus, defendant asked Whitchurch "'to commit separate and distinct acts of murder—to kill, individually, [two] different specified victims—possibly at different times and places and by different means,'" so that there was "'not a single incitement but multiple ones, each punishable on its own.'" (*People* v. *Cook* (1984) 151 Cal.App.3d 1142, 1146 [199 Cal.Rptr. 269], quoting *Meyer* v. *State* (1981) 47 Md.App. 679 [425 A.2d 664, 670], with victim number altered to match the facts of the present case.) Defendant "solicited the killings of [two] 'certain individuals' the death of each being important to his purpose. Significantly, he agreed to pay a separate consideration, [$50,000], for each murder. . . . It is . . . fair to infer that . . . the 'hit man' was to understand that the killings should occur at different locations if that was what it took." (*People* v. *Williams* (1988) 201 Cal.App.3d 439, 444 [247 Cal.Rptr. 200] (Fourth Dist., Div. One), with numbers altered to match the facts of the present case.)

Indeed, defendant does not contend that the evidence is insufficient to support findings of guilt on two separate counts of solicitation to murder. ■ Defendant contends, rather, that reversal is required because the trial court failed to instruct the jury to determine whether there was one or two acts of solicitation. This contention receives support from dicta in *Morocco,* in which the court states, "The jury here received no instructions on the issue of single versus multiple solicitation(s). Arguably, that fact in itself would mandate reversal for a retrial." (*People* v. *Morocco, supra,* 191 Cal.App.3d at p. 1454.)

The People acknowledge that defendant's "contention finds support in dicta from" *Morocco.* The People, however, urge us not to follow *Morocco* in this respect. The People cite *People* v. *Ramos* (1982) 30 Cal.3d 553, 589 [180 Cal.Rptr. 266, 639 P.2d 908], revd. on another ground (1983) 463 U.S. 992 [77 L.Ed.2d 1171, 103 S.Ct. 3446], in which the Supreme Court of California rejects the notion "that a single taking from two victims constitutes but one robbery," and holds that "if force or fear is applied to two victims in joint possession of property, two convictions of robbery are proper." (Fn. omitted.)

We accept the People's suggestion. We reject the notion that the number of solicitations shown by the evidence is a question of fact for the trier of fact. We make this rejection with an appreciation that, according to a later opinion of the *Morocco* court, both *People* v. *Cook, supra,* (First Appellate District, Division Three) "and *Morocco* stress that whether one or multiple solicitations has occurred is a question of fact." (*People* v. *Williams, supra,* 201 Cal.App.3d at p. 444.) Although the Court of Special Appeals of Mary-

land has "rejected as too simplistic the theory that there are necessarily as many solicitations as potential victims" in *Meyer* v. *State, supra,* 425 A.2d at p. 670 (*People* v. *Cook, supra,* 151 Cal.App.3d at p. 1146), *Ramos* applies precisely such a simplistic theory in a robbery context.

We believe that the simplistic theory is the correct theory. One of the purposes of section 653f is "to prevent solicitations from resulting in the commission of the crimes solicited." (*Benson* v. *Superior Court* (1962) 57 Cal.2d 240, 243 [18 Cal.Rptr. 516, 368 P.2d 116].) The commission of several murders results in more harm than the commission of a single murder. Thus, solicitation to commit several murders is a more serious wrong than solicitation to commit a single murder, no matter to what extent the solicitation constitutes a package deal for the accomplishment of a single purpose. We believe the law to be that the prosecutor may charge and, upon proper findings of guilt, the trial court may convict on, as many counts of solicitation to murder as there are identifiable victims. We express no opinion as to what rule might apply in cases where the defendant proposes one victim, but approaches several solicitees.

Defendant mistakenly interprets *Morocco* as being based on section 654,[9] and contends that his "sentences must be reversed under the provisions of Penal Code section 654." ■ If a trial court violates section 654, the proper remedy on appeal is not reversal of the counts involved, but elimination of the penalty for all but one of them (the one carrying the greatest penalty, if the penalties are disparate), by staying execution of, or simply striking, the terms of imprisonment for all but one of them. (*People* v. *Miller* (1977) 18 Cal.3d 873, 888 [135 Cal.Rptr. 654, 558 P.2d 552]; *People* v. *Diaz* (1967) 66 Cal.2d 801, 807 [58 Cal.Rptr. 729, 427 P.2d 505]; *In re McGrew* (1967) 66 Cal.2d 685, 688-689 [58 Cal.Rptr. 561, 427 P.2d 161]; *In re Pratt* (1967) 66 Cal.2d 154, 156-157 [56 Cal.Rptr. 895, 424 P.2d 335], vacated on another ground by *In re Pratt* (1971) 5 Cal.3d 46 [95 Cal.Rptr. 11, 484 P.2d 1355]; *In re Wright* (1967) 65 Cal.2d 650, 656 [56 Cal.Rptr. 110, 422 P.2d 998]; *People* v. *Cole* (1985) 165 Cal.App.3d 41, 53 [211 Cal.Rptr. 242]; *People* v. *Flowers* (1982) 132 Cal.App.3d 584, 589 [183 Cal.Rptr. 276]; *People* v. *Scott* (1966) 247 Cal.App.2d 371, 378 [55 Cal.Rptr. 525].)

■ We interpret defendant's brief as alleging a violation of section 654 as an alternative contention to his *Morocco* argument. *People* v. *Cook, supra,* answers that contention. "Although [defend]ant did not actually commit an act of violence, he solicited the commission of [two] separate violent acts.

---

[9] Section 654 provides, "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

Surely he is more culpable than would be a person who solicited only one such act. Accordingly, whether or not [defend]ant engaged in an indivisible course of conduct, multiple punishment is appropriate and not prohibited by section 654." (151 Cal.App.3d at p. 1147, with the number of proposed victims changed to fit the facts of the present case.)

The trial court did not err or perpetrate a violation of section 654 in failing to instruct the jury to determine whether there were one or two solicitations, in entering judgments of conviction on both counts, or in imposing sentence on both counts.

The judgment of conviction is affirmed.

Racanelli, P. J., and Newsom, J., concurred.

A petition for a rehearing was denied July 7, 1989, and appellant's petition for review by the Supreme Court was denied August 24, 1989. Mosk, J., and Broussard, J., were of the opinion that the petition should be granted.