[No. B089085. Second Dist., Div. Six. July 5, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
DAVID W. McKEE, Defendant and Appellant.

## COUNSEL

Susan B. Lascher, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Kenneth C. Byrne, Sanjay T. Kumar, Kristofer Jorstad and David Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

YEGAN, J.—This is a "second strike" case under the new "three strikes" law, yet another complex sentence law overlaying an existing complex sentencing scheme.[1] David McKee pled guilty to four counts of forgery. (Pen. Code, § 470.)[2] He was sentenced to prison for six years, eight months and appeals contending: "I. The trial court erred in imposing consecutive subordinate terms. [¶] II. The trial court erred by doubling the subordinate terms. . . . [¶] III. Using appellant's prior conviction both to enhance his sentence by doubling the subordinate terms and to mandate consecutive sentences constitutes a prohibited dual use."

In 1992, appellant committed a residential burglary for which he was convicted and sentenced to prison. This conviction is a "serious felony"

---

[1]We take the law as given to us by the Legislature. But that does not mean we are muzzled. The determinate sentence law is almost 20 years old. This experiment in complexity should mercifully end with a simplified but comprehensive sentencing scheme to replace it. We add our voices to previous criticism of the determinate sentence law. (See *Community Release Bd.* v. *Superior Court* (1979) 91 Cal.App.3d 814, 815 [154 Cal.Rptr. 383]; *People* v. *Sutton* (1980) 113 Cal.App.3d 162, 164 [169 Cal.Rptr. 656]; *People* v. *Reyes* (1989) 212 Cal.App.3d 852, 858-859 [260 Cal.Rptr. 846]; *People* v. *Begnaud* (1991) 235 Cal.App.3d 1548, 1551 [1 Cal.Rptr.2d 507].)

[2]All statutory references are to the Penal Code.

which triggered the "second strike" sentencing provision. (§§ 1192.7, subd. (c)(18); 667, subds. (d)(1), (e)(1).)

After his release from prison, appellant took 68 blank checks from his former employer, West Valley Toyota, without permission. During a 23-day period in August and September of 1994, he cashed 10 checks at various liquor stores in Ventura County. He was charged with 10 counts of forgery.

Pursuant to a negotiated disposition, appellant initially pled guilty to six counts of forgery. The trial court initially committed to imposing a maximum sentence of six years. It is not clear how the trial court intended to arrive at the proposed sentence. The sentencing scheme for forgery is either a county jail commitment or sixteen months, two, or three years in state prison. (§§ 473, 18.) Perhaps the trial court thought it could double the upper three-year term on one of the counts and impose concurrent terms for the remaining counts.

Prior to sentencing, counsel met in chambers and agreed to an alternative disposition based on the trial court's determination that it could not lawfully impose the previously agreed upon six-year sentence. In open court, the trial court stated: "The Court has previously committed to a commitment to the California Department of Corrections for six years. [¶] The Court cannot continue with that commitment. . . . [P]ursuant to the appropriate code section, section 667(c), et cetera, there's no way for the Court to get to six years. That is to say the Court must impose a subordinate term consecutively. [¶] . . . So the Court cannot continue with its commitment of six years. [¶] The Court therefore withdraws from its commitment, offers the defendant the opportunity to withdraw his plea."

Defense counsel argued that the operative facts of this case were such that the court had ". . . the latitude to impose the sentences concurrently or consecutively as it chose." However, he admitted that the trial court had determined in chambers ". . . that under these particular facts it could not do that." Defense counsel also disagreed with the court's interpretation of section 667, subdivision (e)(1) as requiring that the subordinate terms be doubled. He told the trial court: "[T]he basis for that argument is found in 667(e)(1) itself, where it refers to conviction in the singular, as opposed to conviction in the plural." Defense counsel said it was appellant's intention, ". . . based on our discussions in chambers, to accept the offer of the People, in which he would be allowed to withdraw his plea to two of the counts . . . , leaving his plea to the other four counts remaining."

Following further discussion, two counts were dismissed on the People's motion. The trial court then sentenced appellant to thirty-two months for one

of the forgeries (double the lower term of sixteen months) and to three consecutive terms of sixteen months each for the other three forgeries (double one-third the middle two-year term). In imposing the consecutive terms for *each* of the remaining counts, the trial court said it found ". . . the crimes were committed at different times and separate places, and not constituting a single period of aberrant behavior."

### Mandatory Consecutive Subordinate Terms

■ Appellant argues that the trial court was not required to impose consecutive terms because, under the facts of this case, he comes within the exception to section 667, subdivision (c)(6), which, in pertinent part provides: "Notwithstanding any other law, if a defendant has been convicted of a felony, and it has been pled and proved that the defendant has one or more prior [violent or serious] felony convictions . . . , the court shall adhere to . . . the following: [¶] . . . [¶] (6) If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e)."

Appellant suggests that the trial court's statement that it "must" impose consecutive terms indicates it was not aware of the exception to section 667, subdivision (c)(6). We reject this suggestion. All intendments are in favor of the trial court's judgment. (*People* v. *Superior Court* (*Ramos*) (1991) 235 Cal.App.3d 1261, 1265 [1 Cal.Rptr.2d 333].) It is reasonable to interpret the trial court's remarks to mean that, under the facts of this case, appellant's offenses did not come within an exception, i.e., the current convictions did not arise ". . . from the same set of operative facts." Indeed, this is how defense counsel characterized the trial court's comments in chambers.

Appellant, however, notes that the blank checks were taken at the same time, he cashed all of the checks within a three-week period of time, and his single motive was to obtain money to support his drug habit. He contends that, since these facts are the same for each offense, the trial court erred in finding he did not come within the statutory exception. We disagree. The fact that some of the facts relating to appellant's offenses are the same, does not bring him within an exception to section 667, subdivision (c)(6), as a matter of law.

Here, the trial court thrice stated that consecutive terms were imposed because the crimes were committed at different times and different places. This statement has its roots not only in the sentencing scheme of the determinate sentence law (see Cal. Rules of Court, rule 425(a)(3)) but in the

case law interpreting section 654 and its proscription against unlawful multiple punishment. We believe that a traditional section 654 analysis is apposite in deciding whether multiple new felonies arise from the same set of "operative facts" within the meaning of the "three strikes" law. (See generally, *People* v. *Latimer* (1993) 5 Cal.4th 1203, 1207-1212 [23 Cal.Rptr.2d 144, 858 P.2d 611].)[3]

" 'Since the divisibility of the transaction depends in part upon the intent of the defendant, a factual issue is presented. It is the function of the trial court, after seeing and hearing the witnesses, to determine this factual matter which controls the number of sentences to be imposed. A reviewing court is not the place to try facts.' (*People* v. *Scott*, 247 Cal.App.2d 371, 375-376 [55 Cal.Rptr. 525]; *People* v. *Williams*, 244 Cal.App.2d 658, 663 [53 Cal.Rptr. 392]; *People* v. *Ferguson*, 1 Cal.App.3d 68, 75 [81 Cal.Rptr.418].) The 'determination will not be reversed on appeal unless unsupported by the evidence presented at trial.' (*People* v. *Ferguson*, 1 Cal.App.3d 68, 75 [81 Cal.Rptr. 418].)" (*People* v. *Holly* (1976) 62 Cal.App.3d 797, 804 [133 Cal.Rptr. 331].) Here the record demonstrates that the trial court, at least by implication, factually found that appellant's offenses did not arise from the same set of "operative facts" and, thus, did not come within an exception to section 667, subdivision (c)(6). Substantial evidence supports that finding. (See also *People* v. *Neder* (1971) 16 Cal.App.3d 846, 853-855 [94 Cal.Rptr. 364].) We also observe that the recent decision in *People* v. *Martin* (1995) 32 Cal.App.4th 656 [38 Cal.Rptr.2d 776], determined that a section 654 analysis was apposite in determining whether the crimes arise from the same set of "operative facts." (32 Cal.App.4th at p. 664.)

### *Doubling the Subordinate Terms*

Appellant also alleges that it was error to double the subordinate terms from one-third of the middle two-year term, i.e., eight months to sixteen months. He argues that subdivision (e)(1) of section 667 sets forth an "enhancement" based on his prior conviction and that an "enhancement" for a prior conviction can be added only once.

Section 667, subdivision (e) provides in relevant part: "For purposes of subdivisions (b) to (i), inclusive, and in addition to any other enhancement or punishment provisions which may apply, the following shall apply where a defendant has a prior felony conviction: [¶] (1) If a defendant has one prior

---

[3]Section 654 provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one; an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

felony conviction that has been pled and proved, the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction."

This "enhancement" theory must be rejected. An "enhancement" is ". . . an additional term of imprisonment added to the base term." (Cal. Rules of Court, rule 405(c).) Even though it uses the phrase "any other enhancement," section 667, subdivision (e)(1) does not provide for an additional term which is to be added to another term. Rather, it defines a new term for the crime itself, a term which replaces the term which would have applied if appellant had not been previously convicted of a serious or violent felony. Therefore, the doubled term pursuant to section 667, subdivision (e)(1) is not an "enhancement." (*People* v. *Martin, supra,* 32 Cal.App.4th 656, 666-668; *People* v. *Rayford* (1994) 9 Cal.4th 1, 8-10 [36 Cal.Rptr.2d 317, 884 P.2d 1369]; *People* v. *Skeirik* (1991) 229 Cal.App.3d 444, 466 [280 Cal.Rptr. 175].)

Even if the "first strike" were to be construed to be an "enhancement," appellant's contention would still be without merit. While section 1170.1, subdivision (a) and *People* v. *Tassell* (1984) 36 Cal.3d 77, 90 [201 Cal.Rptr. 567, 679 P.2d 1], indicate that an enhancement for a prison conviction may be added "just once," the Legislature's use of the phrase, "[n]otwithstanding any other law" (§ 667, subd. (c)) removed this limitation.

Appellant also points out that subdivision (e)(1) of section 667 uses the singular in speaking of the term to be doubled and argues that this phraseology indicates an intent that only the principal term is to be doubled. "The principal term shall consist of the greatest term of imprisonment imposed by the court for any of the crimes, including any [specified] enhancements . . . ." (§ 1170.1, subd. (a).) However, because the singular includes the plural (§ 7), the phraseology does not indicate that only the principal term is to be doubled. (*People* v. *Martin, supra,* 32 Cal.App.4th 656, 668.)

Appellant argues that the Legislature's "failure" to use the phrase "each felony conviction" in section 667 subdivision (e)(1) when it did use that phrase in section 667 subdivision (e)(2)(A)(i) dealing with the "third strike" rule, indicates that the doubling provision applies only to the principal term.[4] Appellant is correct that we construe a penal statute as favorably to the defendant as its language and the circumstances of its application reasonably

---

[4]Section 667, subdivision (e)(2)(A)(i), in pertinent part, provides: "If a defendant has two or more prior felony convictions . . . , the term [minimum term of the indeterminate life term] for the current felony conviction shall be . . . [¶] (i) [t]hree times the term otherwise provided as punishment for each current felony conviction . . . ."

permit. (*People* v. *Alberts* (1995) 32 Cal.App.4th 1424, 1427 [37 Cal.Rptr.2d 401].) However, we agree with the analysis in *People* v. *Martin, supra,* 32 Cal.App.4th at pages 665-666 and its conclusion that ". . . if the Legislature had intended to bar doubling the subordinate term, it would have said so by limiting the doubling effect of section 667, subdivision (e)(1) to the 'principal term.' Given the express purpose of the "three strikes" law to "ensure longer prison sentences and greater punishment" (§ 667, subd. (b)) it would be unreasonable for a reviewing court to construe section 667, subdivision (e)(1) in a way that would lessen the punishment. Phrased otherwise we do not have a " '. . . reasonable doubt as to the true interpretation of words or the construction of language used in a statute.' [Here, section 667, subdivision (e)(1)]." (*People* v. *Alberts, supra,* 32 Cal.App.4th at p. 1427.)

### Doubled Consecutive Subordinate Terms
### Based on One Qualifying Conviction

■ Appellant's contention that the trial court could not use his prior conviction both to impose consecutive terms and to double those terms, because such use violates California Rules of Court, rule 425 also lacks merit. California Rules of Court, rule 425(b) provides, in pertinent part: "Any circumstances in aggravation or mitigation may be considered in deciding whether to impose consecutive rather than concurrent sentences, except . . . a fact used to otherwise enhance the defendant's prison sentence . . . ." Here the negotiated disposition was modified because the trial court found that doubled consecutive subordinate terms were mandatory under the circumstances of this case.

The Legislature directed that the penalties set forth in section 667 are to be imposed "[n]otwithstanding any other law." (§ 667, subd. (c).) This includes California Rules of Court, rule 425. Once the determination was made that the offenses did not arise from the same set of operative facts, the trial court was required to use appellant's "first strike" conviction as a predicate to double the subordinate terms and to impose them consecutively. This furthers the expressed legislative intent to ". . . ensure longer prison sentences and greater punishment . . . ." (§ 667, subd. (b).)

The judgment is affirmed.

Stone (S. J.), P. J., and Gilbert, J., concurred.

A petition for a rehearing was denied July 31, 1995, and appellant's petition for review by the Supreme Court was denied October 19, 1995.