[No. B090025. Second Dist., Div. Five. Dec. 22, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
MARKEE CARTER, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I. through IV., parts V.A., V.C. and V.D., and part VI of Discussion.

COUNSEL

Peter Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Jaime C. Fuster, Sanjay T. Kumar and Donald J. Oeser, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

GRIGNON, J.—Defendant and appellant Markee Carter appeals from a judgment following a jury trial in which he was convicted of the premeditated attempted murders of three victims on a single occasion and of being an ex-felon in possession of a firearm. He admitted a single prior serious felony conviction within the meaning of Penal Code[1] sections 667, subdivision (a) and subdivisions (b) through (i), and 667.5, subdivision (b). He was sentenced to two years for the ex-felon in possession of a firearm, consecutive to one life sentence, concurrent to two life sentences, plus five years for the section 667, subdivision (a) enhancement. In the published portion of this opinion, we conclude that, where a defendant has been convicted of crimes of violence against multiple victims and an allegation of a prior felony conviction within the meaning of section 667, subdivisions (b) through (i) has been found to be true, consecutive sentencing for the violent crimes is mandatory pursuant to section 667, subdivision (c).

In the unpublished portion of this opinion, we address the remaining contentions. Defendant contends: (1) the trial court erred by instructing the jury as to flight in the language of CALJIC No. 2.52; (2) the sentence for ex-felon in possession of a firearm was barred by section 654; (3) the trial court erred when it stayed, instead of struck, the enhancement for a prior prison term; (4) the sentence should be modified to provide that the determinate term must be served before the indeterminate term; (5) the trial court erred in imposing a five-year enhancement for the prior serious felony conviction; and (6) the prior serious felony conviction predated the effective date of section 667, subdivisions (b) through (i). The prosecution contends defendant received too much presentence credit. We asked the parties to address whether defendant's sentence was unauthorized and in violation of section 667, subdivisions (b) through (i). We conclude the trial court made numerous sentencing errors and modify the judgment to correct the sentencing errors. As modified, we affirm the judgment.

---

[1]All future statutory references are to the Penal Code.

## PROCEDURAL BACKGROUND

Defendant was charged by information with the attempted willful, deliberate and premeditated murders of Alonzo Garzon, Luis Garzon and Jesus Garzon in violation of sections 664 and 187, subdivision (a). It was further alleged defendant personally used a firearm in the commission of the offenses within the meaning of section 12022.5, subdivision (a). Defendant was also charged with possession of a firearm by an ex-felon in violation of section 12021, subdivision (a)(1). It was further alleged defendant had suffered a single prior serious felony conviction within the meaning of sections 667, subdivision (a) and subdivisions (b) through (i) and 667.5, subdivision (b). Defendant was convicted by a jury as charged in the information and admitted the prior serious felony conviction allegations.

Defendant was sentenced to the middle term of two years for the ex-felon in possession of a firearm conviction. Defendant was sentenced to life plus four years for each attempted murder conviction and firearm use enhancement. One life sentence was ordered to run consecutively to the ex-felon in possession count and the other two were ordered to run concurrently. Defendant was also sentenced to a five-year enhancement for the prior serious felony conviction allegation pursuant to section 667, subdivision (a). The one-year enhancement for the prior prison term was imposed, but stayed. No sentence was imposed pursuant to section 667, subdivisions (b) through (i). Defendant was awarded 172 days of presentence credit (115 actual, 57 conduct).

## FACTS

The Garzon family lived in an apartment building near a furniture store. The Garzons' landlords were also the owners of the furniture store. Abutting the furniture store was a vacant lot from which burglars sometimes entered the store. The Garzons watched the furniture store in the owners' absence. On August 22, 1994, at approximately 10 p.m., Alonzo Garzon, his brother Luis Garzon and his father, Jesus Garzon, were in the alley behind their apartment building, when they saw defendant and a woman walk onto the vacant lot.

The Garzons approached the lot and asked defendant what he was doing. Defendant responded that the woman had to go to the bathroom. The Garzons told defendant to leave. Defendant became angry, but left with the woman telling the Garzons he would be back.

The Garzons remained in the alley. Fifteen to twenty minutes later, defendant, having altered his clothing and hairstyle, returned on a bicycle.

Defendant approached to within 80 feet of the Garzons and rapidly fired 3 shots at them from a .45-caliber automatic handgun. Defendant bicycled away quickly, pursued by the Garzons. The attention of a police officer was attracted, and the officer joined in the pursuit with the lights on his police vehicle flashing. During the pursuit, defendant discarded the gun. Defendant continued to bicycle away pursued by the police officer. Finally, defendant stopped, after the police officer made repeated demands while pointing his gun at defendant. Defendant had been previously convicted of a serious felony.

## DISCUSSION

I.-IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

### V. Three Strikes Issues (Section 667, subds. (b)-(i))

#### A. Five-year Enhancement*

. . . . . . . . . . . . . . . . . . . . . . . . . .

#### B. Consecutive Sentences

■ The trial court sentenced defendant to concurrent sentences for two of the attempted murder counts. We conclude concurrent sentences in this case are unauthorized under the provisions of section 667, subdivision (c); consecutive sentences are mandatory.

Section 667, subdivisions (b) through (i) contains four separate provisions requiring mandatory consecutive sentencing: subdivisions (c)(6), (c)(7), (c)(8) and (e)(2)(B).[3] Subdivision (c) provides: "Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior felony convictions as defined in subdivision (d), the court shall adhere to each of the following: [¶] . . . [¶] (6) If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count pursuant to subdivision (e). [¶] (7) If there is a current conviction for more than one serious or violent felony as described in paragraph (6), the

---

*See footnote, ante, page 683.

[3]Section 667, subdivision (e)(2)(B) is applicable to defendants with two or more qualifying prior felony convictions.

court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law. [¶] (8) Any sentence imposed pursuant to subdivision (e) will be imposed consecutive to any other sentence which the defendant is already serving, unless otherwise provided by law."

There appears to be a facial overlap between these subdivisions and some doubt as to the Legislature's intent in adopting three separate provisions for mandatory consecutive sentencing. It is difficult to ascribe three separate purposes to the three subdivisions. It is not necessary for us to reach this issue, however.

In this case, whether consecutive sentencing is mandatory, is to be determined under either section 667, subdivision (c)(6) or section 667, subdivision (c)(7). Subdivision (c)(6) mandates consecutive sentencing for felony counts "not committed on the same occasion, and not arising from the same set of operative facts." The parties agree that the language of subdivision (c)(7), applying its provisions to serious and violent felonies "as described in paragraph (6)," incorporates the "same occasion or set of operative facts" language. We will assume that it does.

The "same occasion or set of operative facts" language of section 667, subdivision (c)(6) has been interpreted as applying the principles of section 654 to multiple current crimes. "The 'same set of operative facts' provision in subdivision (c)(6) serves an important function, one that is readily apparent. It applies the principle of section 654 to multiple current crimes. Without it a strong argument could be made that the statute [section 667, subdivision (c)(6)] allows a person whose single act violates more than one penal law to be punished for each law the person violated. The basis of that construction would have been the 'notwithstanding any other law' provision that introduces the whole of subdivision (c). The most obvious 'other law' addressed in this context is section 654. The 'same set of operative facts' clause in subdivision (c)(6) applies this important feature of section 654, and avoids overly harsh results and possible constitutional issues that would arise without it." (*People* v. *Martin* (1995) 32 Cal.App.4th 656, 664 [38 Cal.Rptr.2d 776].) "We believe that a traditional section 654 analysis is apposite in deciding whether multiple new felonies arise from the same set of 'operative facts' within the meaning of the 'three strikes' law." (*People* v. *McKee* (1995) 36 Cal.App.4th 540, 546 [42 Cal.Rptr.2d 707].)

Section 654 provides: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under

either of such provisions, but in no case can it be punished under more than one . . . ." Section 654 prohibits multiple punishment for a single act as well as an indivisible course of conduct. (*Neal* v. *State of California* (1960) 55 Cal.2d 11, 19 [9 Cal.Rptr. 607, 357 P.2d 839].) "Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." (*Ibid.*; accord, *People* v. *Latimer* (1993) 5 Cal.4th 1203, 1208 [23 Cal.Rptr.2d 144, 858 P.2d 611].)

Section 654's proscription against multiple punishment is not applicable to crimes of violence against multiple victims. "The purpose of the protection against multiple punishment is to insure that the defendant's punishment will be commensurate with his criminal liability. A defendant who commits an act of violence with the intent to harm more than one person or by a means likely to cause harm to several persons is more culpable than a defendant who harms only one person. . . . This distinction between an act of violence against the person that violates more than one statute and such an act that harms more than one person is well settled. Section 654 is not '. . . applicable where . . . one act has two results each of which is an act of violence against the person of a separate individual.' " (*Neal* v. *State of California, supra*, 55 Cal.2d at pp. 20-21.) A defendant who attempts to murder two individuals with a single act may be consecutively sentenced for each attempted murder conviction pursuant to section 654. (55 Cal.2d at p. 21.)

In this case, defendant fired three shots at the three Garzons and the jury convicted him of three counts of willful, deliberate and premeditated attempted murder. Under section 654, defendant could be consecutively sentenced for each count. Under section 667, subdivision (c), he must be consecutively sentenced.

C.-D.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

VI. *Presentence Credit**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is modified as follows: defendant is sentenced to three consecutive life sentences for the attempted murders plus twelve years for

*See footnote, *ante*, page 683.

the three firearm use enhancements, plus five years for the prior serious felony conviction enhancement. The minimum term of each life sentence is 14 years, for a total minimum term on the 3 consecutive life sentences of 42 years. Defendant is sentenced to four years for his conviction of being an ex-felon in possession of a firearm, but this sentenced is stayed pursuant to section 654. The prior prison term enhancement is stricken. In sum, defendant is sentenced to a total determinate term of 17 years, plus an indeterminate term of 3 consecutive life sentences with a minimum term of 42 years. Defendant is awarded 171 days of presentence credit (115 actual, 56 conduct). As modified, the judgment is affirmed.

Turner, P. J., and Armstrong, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 21, 1996. Kennard, J., and Baxter, J., were of the opinion that the petition should be granted.