[No. E020701. Fourth Dist., Div. Two. Sept. 1, 1999.]

THE PEOPLE, Plaintiff and Respondent, v.
GUTHRIE LEE DANOWSKI, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.2, this opinion is certified for publication with the exception of parts III, IV, V, VI.A.3.b., VI.B, and VI.C.

816

**COUNSEL**

Patricia A. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Esteban Hernandez and Raquel M. Gonzalez, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RICHLI, J.**—Defendant Guthrie Lee Danowski (defendant) confronted his victim in the parking lot of a fast-food restaurant and demanded all his money. When the victim resisted, defendant shot him in the stomach, then fled. As a result, defendant was convicted of attempted robbery and attempted willful, deliberate, and premeditated murder.

In the published portion of this opinion, we will hold that, when the three strikes law does not mandate consecutive sentences, Penal Code section 654 (section 654) prohibits multiple punishment under the three strikes law. In the unpublished portion of the opinion, we will futher hold section 654, as applied here, prohibited separate sentences for both the attempted murder and the attempted robbery. We will therefore stay the sentence for the attempted robbery. Finally, we will note several minor sentencing errors which we can correct by modifying the judgment. We find no other prejudicial error; accordingly, we will affirm the judgment as modified.

## I

### FACTUAL BACKGROUND

We focus on the evidence of what the perpetrator did and/or intended to do, which is relevant to several of defendant's contentions. There was also conflicting evidence as to defendant's identity as the perpetrator; we omit that evidence, however, because it is not relevant to any appellate issue.

On August 11, 1995, victim José Sanchez was at the Bank of America at Valley Boulevard and Sierra Avenue in Fontana. He cashed a payroll check for about $600 or $700. He obtained $4,000 in currency to pay some bills, plus $200 in coins to use as change in his business.

Sanchez was at the teller window for about 10 minutes. While there, he noticed defendant, who was standing several teller windows to his right,

about six or seven feet away. Defendant was looking not so much at Sanchez as at the money Sanchez was getting from the teller. He kept looking for about six or seven minutes, or longer.[1] Sanchez was scared.

When Sanchez left the bank, he drove to an In-N-Out Burger restaurant. The In-N-Out was on Sierra, about three blocks from the bank. Sanchez parked his van in the parking lot. When he opened his door to get out, defendant was standing right outside. He was pointing a revolver at Sanchez's stomach. He said, "Give me all your money, hurry up, move fast." When Sanchez did not respond, defendant hit him in the face with the gun, drawing blood.

Sanchez tried to defend himself by "hugging [defendant] and strugg[ing]," "tr[ying] to move him out of my way," "tr[ying] to move the gun a different direction than myself." Defendant fired three shots. One bullet struck Sanchez in the stomach. Defendant got back into his car. Sanchez then noticed that defendant had parked his car behind the van, blocking it.

Lafayette Boyd was eating inside the In-N-Out. He saw the victim park his van; 10 seconds later, he saw defendant park his car behind the van. Defendant walked up to the victim. At that point, defendant did not have a gun in his hands. "A struggle ensued, pushing, shoving back and forth." During the struggle, defendant took out a revolver and pointed it at the victim's stomach. Boyd took his eyes off what was happening long enough to yell for help and run outside. He then saw the victim with a gunshot wound in his stomach. Defendant got back in his car and drove away "as quickly as possible."

Amalia Kaplan, Boyd's sister-in-law, also saw defendant park his car behind the victim's van, blocking it, then run up to the van. At that point, defendant did not have a gun in his hands. He pulled the victim out of the car and a struggle began. "They were pulling, yanking at each other." Defendant took a revolver out of his waistband and pointed it at the victim's stomach. Kaplan heard a single gunshot. Defendant got back into his car and "speeded out." The victim was bleeding.

Stephanie Hunt was walking down the street across from the In-N-Out when she heard a single loud popping sound. When she looked toward the sound, she saw a man get into a car and speed away. The car had been blocking a parked van.

---

[1]Sanchez used "six or seven" repeatedly during his testimony, apparently as an estimate.

Sanchez required surgery. He remained hospitalized for "15 to 17 days."

Violet Alaniz was the bank teller who had waited on Sanchez. During the transaction, the teller window to her left (Sanchez's right) was closed. However, the second teller window to her left was open.

In the parking lot of the In-N-Out, the police found two bullet fragments.

## II

### PROCEDURAL BACKGROUND

Defendant was charged with attempted murder, which was alleged to be willful, deliberate, and premeditated (Pen. Code, §§ 187, subd. (a), 664), and attempted robbery (Pen. Code, §§ 211, 664). In connection with each count, there were enhancement allegations that defendant personally used a firearm (Pen. Code, § 12022.5, subd. (a)); defendant personally inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)); defendant had one previous serious or violent felony conviction (Pen. Code, § 667.5, subd. (a)), for kidnapping for ransom (Pen. Code, § 209); and defendant had served two prior prison terms (Pen. Code, § 667.5, subd. (b)), one for possession of a firearm by a prisoner (former Pen. Code, § 4502; see now Pen. Code, § 4502, subd. (a)) and one for escape without force or violence (Pen. Code, § 4530, subd. (b)). Finally, for purposes of the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12), it was alleged that defendant had five prior serious or violent felony convictions—one for kidnapping for ransom (Pen. Code, § 209), and four for robbery (Pen. Code, § 211).

The trial on the prior conviction and prior prison term allegations was bifurcated, and defendant waived a jury trial on them. The jury found defendant guilty of attempted murder and attempted robbery; it found that the attempted murder was willful, deliberate, and premeditated. It also found that the personal firearm use and great bodily injury allegations were true. The trial court found that all prior conviction and prior prison term allegations were true.

On the attempted murder count, the trial court sentenced defendant to twenty-five years to life, plus ten years for the personal firearm use enhancement, three years for the great bodily injury enhancement, five years for the prior serious or violent felony enhancement, and one year for each of the two prior prison term enhancements, all to be served consecutively, for a total of forty-five years to life. On the attempted robbery count, it sentenced him to twenty-five years to life, plus ten years for the personal firearm use enhancement, three years for the great bodily injury enhancement, five years for the

prior serious or violent felony enhancement, and one year for each of the two prior prison term enhancements. It ordered the base term and the personal firearm use enhancement term served consecutively; it stayed on all other enhancement terms. Accordingly, the total sentence on the attempted robbery count was 35 years to life. The total sentence on both counts was 80 years to life.

III-V*

. . . . . . . . . . . . . . . . . . . . . . . . . .

## VI

## SENTENCING ISSUES

A. *The Imposition of Separate Consecutive Sentences for the Attempted Murder and the Attempted Robbery.*

■ Defendant contends the trial court erroneously believed the three strikes law required consecutive sentences for the attempted murder and the attempted robbery. Defendant also contends the imposition of separate sentences for both the attempted murder and the attempted robbery constituted multiple punishment in violation of section 654.

1. *Additional Factual and Procedural Background.*

At the sentencing hearing, defense counsel argued that unstayed sentences on both the attempted murder and the attempted robbery would violate section 654.

The trial court responded: "I do not think that the attempt[ed] murder is part and parcel of the attempt[ed] robbery. I think it was a separate offense and certainly in my estimation warrants separate sentencings. I think it did not arise nor should it have arisen from the commission of the robbery itself. I think that the robbery . . . could have been abandoned without the shooting of the victim in the manner in which it was done."

The trial court then ruled: "Regarding Count II, which is the attempt robbery, I do not find that there is a 654 problem. . . . [Y]ou indicate, [defense counsel], . . . that there is a continuing course of conduct with the same victim and the same set of circumstances and I don't find that to be true. I find . . . that that is a totally independent crime arising from

---

*See footnote, *ante*, page 815.

independent actions of [defendant]. So, for Count II . . . I believe that the law does require that that sentence will be consecutive to the sentence already imposed on Count I . . . . [¶] I am going to impose it and I believe that I am required to impose it consecutively . . . ."

2. *Mandatory Consecutive Sentencing Under the Three Strikes Law.*

The three strikes law provides: "Notwithstanding any other law . . .

" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(6) If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count . . . .

"(7) If there is a current conviction for more than one serious or violent felony as described in paragraph (6) of this subdivision, the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law." (Pen. Code, § 667, subd. (c); accord, Pen. Code, § 1170.12, subd. (a).)

The Supreme Court has construed "as described in paragraph (6)" to mean " 'not committed on the same occasion, and not arising from the same set of operative facts.' " (*People* v. *Hendrix* (1997) 16 Cal.4th 508, 513 [66 Cal.Rptr.2d 431, 941 P.2d 64].) Accordingly, if two current felonies either *were* committed on the same occasion or *do* arise from the same set of operative facts, the three strikes law does not mandate consecutive sentencing; the trial court retains discretion to sentence either concurrently or consecutively. (*Id.*, at pp. 513-514.)

The People concede that, here, the attempted murder and the attempted robbery were committed on the same occasion; hence, they also concede the trial court erred by ruling that consecutive sentencing was mandatory. They argue, however, the error was harmless because, even if the trial court had exercised its discretion, it would still have sentenced consecutively. In an unpublished portion of this opinion, however, we conclude the trial court violated section 654 by imposing separate and unstayed sentences for both the attempted murder and the attempted robbery. As a result, we must stay one of these two sentences. We have addressed the question of whether consecutive sentencing was mandatory because, as will be seen, it makes a difference when we consider the section 654 issue. In light of our stay,

however, it can make no conceivable difference whether these terms are nominally concurrent or consecutive. Accordingly, we need not, and we will not, resolve this issue.

### 3. *Multiple Punishment in Violation of Section 654.*

#### a. *The Applicability of Section 654 to Sentencing Under the Three Strikes Law.*

We perceive a threshold issue: Does section 654 apply to a three strikes sentence? Curiously, we have found no case squarely deciding this issue.[3] Defendant simply assumes it applies. The People also assume it applies; they merely argue it was not violated. In this case—although not necessarily in all cases—we believe the parties' assumption is well founded.

It has long been noted that the "same occasion/same operative facts" provisions of the three strikes law serve the same function as—and to some extent resemble—section 654. "The 'same set of operative facts' provision in . . . section 667, subdivision (c)(6) serves an important function, one that is readily apparent. It applies the principle of section 654 to multiple current crimes. Without it a strong argument could be made that the statute allows a person whose single act violates more than one penal law to be punished for each law the person violated. The basis of that construction would have been the 'notwithstanding any other law' provision that introduces the whole of section 667, subdivision (c). The most obvious 'other law' addressed in this context is section 654. The 'same set of operative facts' clause in section 667, subdivision (c)(6) applies this important feature of section 654, and avoids overly harsh results and possible constitutional issues that would arise without it." (*People* v. *Martin* (1995) 32 Cal.App.4th 656, 664 [38 Cal.Rptr.2d 776].)

From this premise, a number of courts leaped to the conclusion that the "same occasion/same operative facts" analysis was essentially identical to a section 654 analysis. (*People* v. *Ayon* (1996) 46 Cal.App.4th 385, 393 [53 Cal.Rptr.2d 853]; *People* v. *Carter* (1995) 41 Cal.App.4th 683, 688-689 [48 Cal.Rptr.2d 726], cert. den. (1996) 519 U.S. 845 [117 S.Ct. 130, 136 L.Ed.2d 79]; *People* v. *McKee* (1995) 36 Cal.App.4th 540, 545-546 [42 Cal.Rptr.2d 707]; *People* v. *Martin, supra,* 32 Cal.App.4th at pp. 663-664.)

---

[3] *People* v. *Thomas** (Cal.App) review granted February 17, 1999, S075090, did reach this issue, but the Supreme Court has granted review in that case.

*Reporter's Note: For Supreme Court opinion, see 21 Cal.4th 1122 [90 Cal.Rptr.2d 642, 988 P.2d 563].

In *People* v. *Deloza* (1998) 18 Cal.4th 585 [76 Cal.Rptr.2d 255, 957 P.2d 945], however, the Supreme Court disapproved all these cases. (*Id.*, at p. 600, fn. 10.) It declared: "[S]ection 654 is irrelevant to the question of whether multiple current convictions are sentenced concurrently or consecutively. Rather, if a defendant commits two crimes, punishment for one of which is precluded by section 654, that section requires the sentence for one conviction to be imposed, and the other imposed and then stayed. [Citation.] Section 654 does not allow *any* multiple punishment, whether concurrent or consecutive. [Citation.] Thus, the question of whether sentences should be concurrent or consecutive is separate from the question of whether section 654 prohibits multiple punishment. [Citation.]" (*Id.*, at p. 594.)

Even though under the three strikes law, section 654 is irrelevant to mandatory consecutive sentencing, mandatory consecutive sentencing may be relevant to section 654. As we have already noted, the mandatory consecutive sentencing provisions state that, where the "same occasion/same operative facts" test is *not* satisfied, the trial court "shall" sentence consecutively, "[n]otwithstanding any other law . . . ." (Pen. Code, § 667, subd. (c); accord, Pen. Code, § 1170.12, subd. (a).) It could be argued that this creates a legislative exception to section 654. (See generally, *People* v. *Hicks* (1993) 6 Cal.4th 784, 791-793 [25 Cal.Rptr.2d 469, 863 P.2d 714]; *People* v. *Powell* (1991) 230 Cal.App.3d 438, 441-442 [281 Cal.Rptr. 568].) Where the "same occasion/same operative facts" test *is* satisfied, however, the three strikes law does not similarly mandate that the trial court "shall" do anything. In such a case, there is no "notwithstanding any other law" provision to override section 654. Section 654 applies of its own force.

We recognize the three strikes law does provide that the sentence on each current conviction must be imposed "in addition to any other enhancement or punishment provisions which may apply." (Pen. Code, § 667, subd. (e); accord, Pen. Code, § 1170.12, subd. (c).) This language has been held to create an exception to section 654 applicable to enhancements. Under this exception, for example, section 654 does not bar dual use of a prior conviction both as the basis for three strikes sentencing and as an enhancement. (*People* v. *Green* (1996) 50 Cal.App.4th 1076, 1087-1088 [58 Cal.Rptr.2d 259]; *People* v. *White Eagle* (1996) 48 Cal.App.4th 1511, 1519 [56 Cal.Rptr.2d 749]; *People* v. *Cartwright* (1995) 39 Cal.App.4th 1123, 1139 [46 Cal.Rptr.2d 351]; *People* v. *Ramirez* (1995) 33 Cal.App.4th 559, 572-573 [39 Cal.Rptr.2d 374].)

We cannot read this language, however, as creating an exception to section 654 applicable to two or more current convictions. In *People* v.

*Hendrix, supra*, 16 Cal.4th 508, the Supreme Court held that " '[a]ny other term' " in Penal Code section 667, subdivision (e)(2)(B) means the same thing as " 'any other enhancement or punishment provisions which may apply' " in Penal Code section 667, subdivision (e). It further held that neither of these "refer[s] to the term for a different current felony conviction." (*Hendrix, supra*, at p. 515.) Thus, even though this language creates an exception to section 654 which applies to enhancements, this language does not refer to, and hence this exception does not apply, to a second current conviction.

We conclude that, at least where, as here, the three strikes law does not mandate consecutive sentencing, section 654 applies to sentencing under the three strikes law.

    b.   *The Application of Section 654 to These Facts.**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

    B., C.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## VII

### DISPOSITION

The judgment with respect to sentence is modified, as follows:

1.  The second prior prison term enhancement, on both counts, is stricken.

2.  The prior serious felony conviction enhancement on the attempted robbery count and the sole remaining prior prison term enhancement on the attempted robbery count are stricken.

3.  Execution of the sentence on the attempted robbery count, including all remaining enhancements on that count, is stayed. This stay shall become permanent upon defendant's completion of his sentence on the attempted murder count.

---

*See footnote, *ante*, page 815.

As so modified, the judgment is affirmed. The trial court is directed to amend the abstract of judgment so as to reflect these modifications and to forward a certified copy of the amended abstract to the Department of Corrections. (Pen. Code, §§ 1213, 1216.)

Hollenhorst, Acting P. J., and McKinster, J., concurred.

A petition for a rehearing was denied September 23, 1999, and appellant's petition for review by the Supreme Court was denied November 17, 1999.