Filed 9/16/20  P. v. Reyes CA2/6

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN REYES,<br><br>    Defendant and Appellant. | 2d Crim. No. B297101<br>(Super. Ct. No. 2018002717)<br>(Ventura County) |

Jonathan Reyes (aka Swifty), an active Surtown Chiques gang member, was convicted by jury of conspiracy to commit assault with a firearm (count 1; Pen. Code, § 182, subd. (a)(1))[1] and unlawful transfer of a firearm (count 2; § 27545) with gang enhancements (§ 186.22, subd. (b)).  Appellant admitted two prior strike convictions (§§ 667, subds. (c)(1) & (e)(1), 1170.12, subds. (a)(1) & (c)(1)) and a prior serious felony conviction (§ 667, subd. (a)(1)) but was not advised of and did not waive his constitutional rights.  (See *In re Yurko* (1974) 10 Cal.3d 857, 863.)

---

[1] All statutory references are to the Penal Code.

The trial court sentenced appellant to 19 years state prison based on the following sentence calculation: On count 1 (conspiracy to commit armed assault), a six-year, second strike term plus five years on the gang enhancement and five years on the prior serious felony conviction for a total term of 16 years; on count 2 (unlawful transfer of a firearm), a consecutive two-year term plus one year on the gang enhancement.

Appellant appeals, contending that the prior strike and prior conviction enhancements must be reversed because appellant was not advised and did not waive of his constitutional right. (See *People v. Mosby* (2004) 33 Cal.4th 353, 360 (*Mosby*).) The Attorney General agrees. Appellant further argues, and the Attorney General agrees, that the trial court erred in not staying the three-year sentence on count 2 (unlawful transfer of a firearm) pursuant to section 654. We reverse the prior strike and prior serious felony conviction enhancements and remand for retrial and resentencing. On resentencing, the trial court shall stay the sentence on count 2 pursuant to section 654.

*Facts and Procedural History*

On November 15, 2017, appellant and fellow gang member Pablo Cruz (aka Lil Clumsy) picked up a third gang member and drove around Oxnard. Cruz saw what he believed were rival Colonia gang members in a van driving through the neighborhood. Cruz yelled "Surtown!" Shots were fired at appellant's car and appellant was shot in the chest. Cruz protested: "'[W]e can't let this shit fly. Like they just straight blasted us in our own hood. Nah, fuck that. We got to get 'em.'"

Appellant texted fellow gang member Joseph Tamayo (Maniac) and got an AR-15 rifle and three loaded magazines from gang member Jose Geronimo (Mugsy). Tamayo and appellant

talked about using the rifle to retaliate.  During the phone call, which was recorded by the police as part of an on-going gang investigation, appellant imitated the sound of automatic gunfire.  Appellant said "'I"m gonna come out like a trooper, dog.  Like the Army.'"  Appellant bragged that he had three clips that held 30 rounds each and "'I'm going to fucking kill every [Colonia Chiques gang member] I see, homie.'"

Cruz, appellant, and Tamayo met at appellant's apartment, and then Cruz left with the rifle.  Appellant kept the ammo magazines.  The next day, appellant texted Tamayo that Cruz was with him at the apartment.  Tamayo met up with them before Cruz took an object wrapped in a blanket outside and placed it in the trunk of his Honda Accord.

The Oxnard Police executed search warrants and found two .22 caliber ammo magazines and a backpack filled with .22 caliber ammunition in appellant's apartment.  Appellant's cell phone had text messages and a photo of appellant holding the assault rifle.  Searching Cruz's Honda Accord, the police found the rifle wrapped in a blanket in the trunk.

*Yurko Error*

Appellant argues, and the Attorney General agrees, that appellant was not advised of his constitutional rights when he admitted the prior strikes, and the prior serious felony conviction.  Under both the federal and state Constitutions, a defendant must be advised of his right to a jury trial, the right to confront witnesses against him, and the privilege against compelled self-incrimination before the trial court accepts the guilty plea.  (*Boykin v. Alabama* (1969) 395 U.S. 238, 242-243: *In re Tahl* (1969) 1 Cal.3d 122, 132–133.)  In California, the same rule applies when a defendant admits the truth of an alleged

3

prior conviction. (*In re Yurko, supra*, 10 Cal.3d at p. 863; *Mosby, supra*, 33 Cal.4th at p. 360.)

After the jury returned the verdict, the prosecution asked appellant to admit the strike priors, the prior serious felony conviction, and the prison prior enhancement. There was no advisement of any *Boykin/Tahl/Yurko* right, nor was appellant asked to waive of those rights.

This is known as a silent-record case. "[S]ilent-record cases are those that show no express advisement or waiver of the *Boykin-Tahl* rights before a defendant's admission of a prior conviction. [Citations.]" (*Mosby, supra*, 33 Cal.4th at p. 361.) These cases typically arise when a "jury trial on a substantive offense preceded the defendants' admissions of prior convictions. . . . [D]efendants were not told on the record of their right to trial to determine the truth of a prior conviction allegation. Nor did they expressly waive their right to trial. In such cases, in which the defendant was not advised of the right to have a trial on an alleged prior conviction, [the appellate court] cannot infer that in admitting the prior the defendant has knowingly and intelligently waived that right as well as the associated rights to silence and confrontation of witnesses." (*Id.* at p. 362.) "It is the classic 'silent record' condemned in *Boykin* (395 U.S. at p. 243 [23 L.Ed.2d at pp. 279-280]), in language reiterated in ([*People v. Howard* (1992) 1 Cal.4th 1132, 1176].)" (*People v. Moore* (1992) 8 Cal.App.4th 411, 417.) We accordingly reverse and remand for retrial on the prior strike and prior serious felony conviction allegations.

*Section 654 Stay of Sentence on Count 2*

Appellant argues, and the Attorney General agrees, that the trial court erred in not staying the sentence on count 2

(unlawful transfer of a firearm) pursuant to section 654.  At the sentencing hearing, the trial court said the sentence should be consecutive because counts 1 and 2 did not "arise out of the same set of operative facts. . . .  I think these two crimes stand alone.  So for that reason, I believe *it must be consecutive*, which is 19 . . . years California Department of Corrections."  (Italics added.)

The "same operative facts" language comes from section 667, subdivision (c)(6) which provides for consecutive sentences "[i]f there is a current conviction for more than one felony count *not committed on the same occasion, and not arising from the same set of operative facts . . . .*"  (Italics added.)  The phrase "not committed on the same occasion" and "not arising from the same set of operative facts" by implication, means that "consecutive sentences are not mandatory under subdivision (c)(6) if the multiple current felony convictions are 'committed on the same occasion' or 'aris[e] from the same set of operative facts.' [Citation.]"  (*People v. Hendrix* (1997) 16 Cal.4th 508, 512-513.)  "[Because] the three strikes law does not mandate consecutive sentencing, section 654 applies to sentencing under the three strikes law."  (*People v. Danowski* (1999) 74 Cal.App.4th 815, 824.)  "In such a case, there is no 'notwithstanding any other law' provision [in the three strikes law] to override section 654.  *Section 654 applies of its own force.*"  (*Id*. at p.  823, italics added.)

Counts 1 and 2 involved an indivisible course of conduct based on the same intent and objective, i.e., to retaliate.  First, by conspiring with fellow gang members to commit an armed assault.  And second, by getting (i.e., unlawfully transferring) the rifle to carry out the assault.

*Disposition*

The true findings on the strike priors and prior

5

serious felony conviction enhancements are reversed and remanded for retrial. If appellant waives his constitutional rights and admits the strike priors and the prior serious felony conviction, the trial court is free to reconsider its prior sentencing choices, but shall stay the sentence on count 2 pursuant to section 654. In all other respects, we affirm.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

6

Benjamin Coats, Judge

Superior Court County of Ventura

_____

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, David E. Madeo, Acting Supervising Deputy Attorney General, William H. Shin, Deputy Attorney General, for Plaintiff and Respondent.