Filed 8/20/25  P. v. Villa CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B337627 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA081790) |
| v. | |
| AUGUSTINE RICKY VILLA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Affirmed and remanded with direction.

Unite The People and Crystal A. Morgan for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

——————————————

Augustine Ricky Villa appeals from an order recalling his sentence and resentencing him pursuant to Penal Code section 1172.75.[1]  The trial court struck Villa's two prior prison term enhancements under the statute, but refused to further reduce his sentence.  On appeal, Villa argues that the trial court erred in considering Assembly Bill No. 518 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 441, § 1) to be discretionary, rather than mandatory, and in punishing him through multiple sections of the Penal Code in violation of section 654.  We find no abuse of discretion and therefore affirm the judgment.  However, we agree with Villa that the abstract of judgment fails to accurately reflect the custody credits he earned prior to his original sentencing date.  We therefore remand for the trial court to correct the abstract of judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

***The Underlying Conviction and Sentence***

By an information filed in March 2008, the People charged Villa with home invasion robbery (§ 211; count 1), first degree burglary (§ 459; count 2), and grand theft auto (§ 487, subd. (d)(1); count 3).  The information also alleged that Villa had a prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)– (d)), a prior serious felony conviction (§ 667, subd. (a)(1)), and served two prior prison terms (§ 667.5, subd. (b)).  Villa's 2002 robbery conviction served as the basis for both the prior strike conviction and the prior serious felony conviction enhancement.

---

[1]    All further undesignated statutory references are to the Penal Code.

In June 2008, a jury convicted Villa on all counts.  Villa waived his right to a jury trial on the remaining allegations, and the trial court found those true.  In July 2008, the court sentenced Villa to the upper term of nine years on count 1, doubled to 18 years pursuant to the prior strike conviction. (§ 1170.12, subd. (c)(1).)  The court also imposed a consecutive five-year enhancement for the prior serious felony conviction (§ 667, subd. (a)(1)) and two consecutive one-year enhancements for each of Villa's prior prison terms (§ 667.5, subd. (b)), for a total term of 25 years.  The court sentenced Villa to four years on count 2 and two years on count 3, but stayed those terms pursuant to section 654.  Villa was awarded 217 days of custody credit (189 days actual custody credit and 28 days of local conduct credits).

On direct appeal, this court reversed the conviction on count 3, but otherwise affirmed the judgment.  (*People v. Villa* (Mar. 24, 2010, B210891) [nonpub. opn.].)

### *The Resentencing Proceedings*

Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) amended section 667.5, subdivision (b), to limit the one-year prior prison term enhancements to convictions for certain sexually violent offenses, as defined in Welfare and Institutions Code section 6600, subdivision (b).  (Stats. 2019, ch. 590, § 1; *People v. Rhodius* (2025) 17 Cal.5th 1050, 1054 [one-year prior prison term enhancements eliminated for all prior crimes except certain sexually violent offenses].)  Effective January 1, 2022, Senate Bill No. 483 (2012–2022 Reg. Sess.) applied that change retroactively by adding former section 1171.1, now section 1172.75.  (Stats. 2021, ch. 728, §§ 1, 3; Stats. 2022, ch. 58.)

3

Section 1172.75 directs the California Department of Corrections and Rehabilitation (CDCR) to identify eligible persons serving a term that includes an enhancement for a prior prison term under section 667.5, subdivision (b), and to provide the name and case information of such persons to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b).) The statute requires sentencing courts to resentence eligible defendants and to impose "a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (*Id*., subd. (d)(1).)

In March 2023, the CDCR identified Villa as eligible for possible resentencing pursuant to section 1172.75, as Villa's prior prison term enhancements were not based on sexually violent offenses.[2] Villa requested full resentencing on all charges and enhancements.

In opposition to Villa's resentencing motion, the People argued that a lesser sentence would endanger public safety. In the alternative, the People argued that, should the trial court resentence Villa, it should only strike the two prior prison term enhancements imposed under section 667.5, subdivision (b).

In response, Villa maintained that section 1172.75 required the court to strike the two prior prison term enhancements and to reduce his sentence by at least two years. Villa further argued that section 654 prohibited the court from using the same 2002

---

[2] Villa's prior prison terms were served for a vehicle theft (Veh. Code, § 10851, subd. (a)) and receiving stolen property (§ 496, subd. (a)).

robbery conviction to double his sentence under the Three Strikes law (§ 1170.12, subd. (c)(1)) and to also impose a consecutive five-year enhancement for a prior serious felony conviction (§ 667, subd. (a)(1)).  Villa requested the court to sentence him on count 2 (which carries a shorter term of imprisonment than count 1), stay the sentence on count 1, and strike the five-year enhancement for the prior serious felony conviction.[3]

On March 6, 2024, after hearing argument, the trial court struck Villa's two one-year prior prison term enhancements, pursuant to section 1172.75.  The court declined to further reduce Villa's sentence.  In support of its ruling, the court cited Villa's extensive record of criminal conduct while in custody, stating:

> "The court is striking the two [section] 667.5 enhancements. . . .  I certainly see nothing here that would be in the interest of justice to strike any additional time.  [¶]  June 14, 2022, battery with a deadly weapon.  After being beaten by several inmates, Villa approached the battered inmate and stabbed him with a series [*sic*].  He was found guilty.  [¶]  5/18/22, fighting.  One of two inmates beating another inmate in the day room.  Plead guilty.  [¶] 10/25/21, battery on a prisoner.  Pushed an inmate using a wheelchair off of it using both hands.  Plead guilty. . . .  [¶]  . . .  [¶]  6/16/20, battery causing serious injury.  Struck an inmate causing him to lose consciousness.  Plead guilty.  [¶]  9/7/19, fighting.  One-on-one fight in the yard.  Plead guilty.  [¶]

---

[3]    Villa raised additional arguments at his resentencing hearing that are not relevant to any issue on appeal.

2/26/19, battery on a prisoner.  Upon entering a new cell, Villa assaulted his new cell mate with his fists.  Plead guilty.  [¶]  I could go on.  There's – another four and a half pages that look like that one in regards to rules violations, but those are only the most recent.  [¶]  So the court certainly does not find that it's in the interest of justice here to strike anything further than the legally invalid enhancements of the two [section] 667.5 [enhancements]."[4]

The court sentenced Villa to the upper term of nine years on count 1, doubled to 18 years pursuant to the prior strike conviction (§ 1170.12, subd. (c)(1)), and imposed a consecutive five-year enhancement for the prior serious felony conviction (§ 667, subd. (a)(1)).  The court sentenced Villa to four years on count 2, and again stayed that sentence pursuant to section 654.[5]

Villa timely appealed.

---

[4]  During the sentencing hearing, Villa's counsel raised the argument that the court could not double the sentence under the Three Strikes law and also impose the enhancement for the prior serious felony conviction based on the same conviction, because to do so would result in double punishment.  The court specifically rejected the argument, advising counsel she could "bring that up to the appellate court."

[5]  The trial court also inadvertently sentenced Villa to a concurrent term of two years on count 3, the conviction previously reversed by this court on March 24, 2010.  The trial court subsequently discovered its error, and on March 19, 2024, vacated the sentence on count 3.

DISCUSSION

## I.    The Trial Court Did Not Abuse Its Discretion in Resentencing Villa

Villa does not dispute that the trial court complied with section 667.5, subdivision (b) and section 1172.75 in striking his two prior prison term enhancements.  He instead argues that the court erred by declining to further reduce his sentence.  We disagree.

### a.    *Standard of review*

" 'Where . . . a discretionary power is statutorily vested in the trial court, its exercise of that discretion "must not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice. [Citations.]" ' " (*People v. Williams* (2013) 58 Cal.4th 197, 270–271; see also *People v. Knoller* (2007) 41 Cal.4th 139, 156 [trial court abuses its discretion when it relies on "impermissible factors . . . or on an incorrect legal standard"].)

"Absent evidence to the contrary, we presume that the trial court knew the law and followed it." (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042 (*Ramirez*).)  Thus, " ' "[t]he burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary.  [Citation.]  In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 376–377 (*Carmony*).)

### b. *Villa has not established any abuse of discretion under section 654*

Relying on section 654, Villa first argues that the trial court abused its discretion by imposing multiple punishments for the same conduct under more than one section of the Penal Code. Villa cites to his robbery and burglary convictions, as well as the sentencing for his strike conviction and the additional enhancement for his prior serious felony conviction.[6]

Villa asserts that his convictions for robbery and burglary "stem[ ] from the same transaction" and "resulted in a double punishment" in violation of section 654. (*People v. Hester* (2000) 22 Cal.4th 290, 294–295 ["Section 654 precludes multiple punishments for a single act or indivisible course of conduct."].) Villa, however, was not punished for both the robbery conviction in count 1 and the burglary conviction in count 2. The trial court properly stayed Villa's sentence as to count 2. " '[S]ection 654 proscribes double punishment, not double conviction.' " (*People v. Ortega* (2000) 84 Cal.App.4th 659, 666.)

Villa also asserts that the trial court violated section 654 when it used the same prior conviction to double his sentence pursuant to the Three Strikes law and to also impose the five-year enhancement under section 667, subdivision (a)(1). But "section 654 does not bar dual use of a prior conviction both as the basis for three strikes sentencing and as an enhancement." (*People v. Danowski* (1999) 74 Cal.App.4th 815, 823; see also

---

[6] The People argue that the contention is forfeited, as Villa did not raise the issue in the trial court. To the contrary, Villa did raise the argument of multiple punishments at the time of sentencing.

*People v. Green* (1996) 50 Cal.App.4th 1076, 1087–1088; *People v. Wilson* (2016) 5 Cal.App.5th 561, 566 [statutory prohibition against multiple punishment for crimes arising from an indivisible course of conduct applies to sentence enhancements which arise from circumstances of the crime, but not to sentence enhancements which arise from nature of the offender].)  The trial court was thus permitted to use the same conviction in sentencing Villa under the Three Strikes law and to the additional five-year enhancement.

Villa next argues that the trial court abused its discretion by failing to consider imposing the shorter term of imprisonment on count 2, the burglary conviction, and staying the longer term of imprisonment on count 1, the robbery conviction, as section 654 now permits.  We disagree.

At the time of Villa's original sentencing in 2008, because the two charges were based on the same acts, "the sentencing court was required to impose the sentence that 'provide[d] for the longest potential term of imprisonment' and stay execution of the other term." (*People v. Mani* (2022) 74 Cal.App.5th 343, 379 (*Mani*).)  Effective January 1, 2022, Assembly Bill No. 518 amended section 654, which now provides that "[a]n act or omission that is punishable in different ways by different provisions of law *may be punished under either of such provisions*, but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a), italics added.)[7]  Thus,

_____

[7]     The parties agree that the amendments to section 654 apply retroactively.  (See *In re Estrada* (1965) 63 Cal.2d 740, 744–745 [where statute does not indicate otherwise, ameliorative statutes apply to cases in which judgment is not yet final].)

when Villa was resentenced in March 2024, the court had discretion to impose either the shorter term of imprisonment on count 2 or the longer term on count 1.

Villa has not identified any evidence in the record affirmatively demonstrating that the court abused its discretion by declining to impose the shorter of the two sentences. (*Carmony*, *supra*, 33 Cal.4th at pp. 376–377.)  He argues only that the court failed to consider this possibility.  But the record is to the contrary.

Assembly Bill No. 518 took effect more than two years before Villa's resentencing.  In his briefing in support of his motion for resentencing, Villa cites to section 654 and requests the court to impose a sentence on his burglary conviction and stay the sentence on his robbery conviction.  There is nothing in the record to suggest that the trial court was not aware of its sentencing discretion.  (See *People v. Coleman* (2024) 98 Cal.App.5th 709, 724 [assuming trial court was aware of and followed applicable law under amendments made effective four months before sentencing].)  Although the court did not expressly state that it considered imposing the lesser of the two sentences, in the absence of any showing to the contrary, we presume the trial court understood and properly exercised its discretion. (*Ramirez, supra*, 10 Cal.5th at p. 1042.)[8]  "[Villa's] citation to a

---

[8]      Villa has cited to no authority, and we find none, to suggest that the trial court had a mandatory duty to sentence him on the lower term pursuant to Assembly Bill No. 518.  The law is to the contrary.  (Stats. 2021, ch. 441, § 1; *Mani, supra*, 74 Cal.App.5th at p. 379 [Assembly Bill No. 518 amended section 654 to afford sentencing courts the discretion to impose shorter or longer term of imprisonment].)

silent record is insufficient to meet his burden to demonstrate an abuse of discretion." (*Coleman*, at p. 725.)

### c. *Villa has not established any abuse of discretion under section 1385*

Villa also cites to section 1385, subdivision (c), in arguing that the trial court abused its discretion by declining to strike his prior serious felony conviction enhancement. We again find no abuse of discretion.

Section 1385, subdivision (c)(1) provides: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute." Section 1385, subdivision (c)(2), in turn, provides: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (See *People v. Walker* (2024) 16 Cal.5th 1024, 1032 (*Walker*) [no rebuttable presumption in favor of dismissing enhancement that can only be overcome by finding that dismissal endangers public safety].)

The parties argued the mitigating and aggravating factors in their sentencing briefs. The trial court noted it had read the briefing and, after hearing argument from both parties stated, "I certainly see nothing here that would be in the interest of justice to strike any additional time." The court then went on to recount Villa's extensive history of violence while incarcerated in state prison before stopping and stating, "I could go on. There's –

11

another four and a half pages that look like that one in regards to rules violations, but those are only the most recent." The court reiterated that it was not in the interests of justice to strike anything further.

There is nothing in this record that establishes any abuse of discretion by the trial court in declining to dismiss the prior serious felony enhancement. Nor does Villa make any cognizable argument on appeal to establish an abuse of discretion under section 1385.[9] (*Walker*, *supra*, 16 Cal.5th at p. 1036 [ultimately, court must determine whether dismissal is in furtherance of justice]; *People v. Bravo* (2025) 107 Cal.App.5th 1144, 1157 [no particular language required for trial court to decline to dismiss an enhancement].) We must therefore presume the court " ' "acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*Carmony*, *supra*, 33 Cal.4th at p. 377.)

---

[9] In his opening brief, Villa notes that section 1385 requires the sentencing court to weigh evidence of certain mitigating factors, but he does not assert that the trial court here failed to do so, nor does he cite any part of the record that could support such an assertion. In addition, Villa failed to object at the time of resentencing to the trial court's purported failure to consider any mitigating factor. (See *People v. Scott* (1994) 9 Cal.4th 331, 352–353 [party may not raise for first time on appeal trial court's failure to properly articulate discretionary sentencing choice]; *People v. Sperling* (2017) 12 Cal.App.5th 1094, 1100–1101 [claims trial court abused its discretion in failing to consider mitigating factors forfeited where no objection made at time of sentencing].)

## II. The Abstract of Judgment Must Be Amended

Finally, Villa contends that the abstract of judgment must be amended to accurately reflect his sentencing credits. We agree.

Section 2900.1 provides that when a defendant has served a portion of a sentence imposed based upon a judgment that is subsequently modified during the term of imprisonment, the time served "shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts." Thus, "when a prison term already in progress is modified, . . . the sentencing court must recalculate and credit against the modified sentence *all actual time* the defendant has already served, whether in jail or prison, and whether before or since he was originally committed and delivered to prison custody." (*People v. Buckhalter* (2001) 26 Cal.4th 20, 29 (*Buckhalter*).)

However, once a defendant begins to serve his sentence, he "is not eligible to earn additional credits for good behavior as a presentence detainee." (*Buckhalter*, *supra*, 26 Cal.4th at p. 29.) As a result, the sentencing court must also calculate the conduct credits for the period *before* the original sentencing date. (*Id.* at p. 30; *People v. Sek* (2022) 74 Cal.App.5th 657, 673.) The agency to which the defendant is committed is responsible for calculating conduct credits following the original sentencing date. (*Buckhalter*, at pp. 30–31, 37; *Sek*, at p. 673.)

Here, at the time of his original sentencing on July 21, 2008, Villa had accrued 217 total credits for time served, comprised of 189 actual credits and 28 local conduct credits. At his March 6, 2024 resentencing hearing, the court calculated that Villa had accrued an additional 5,707 actual credits since his

13

original sentencing date. The court ordered the CDCR to calculate Villa's additional conduct credits.

The amended abstract of judgment, filed April 4, 2024, reflects only that Villa has 5,707 actual credits and 5,707 total credits. It does not include any of Villa's time credits (actual credits or local conduct credits) prior to his original sentencing date. Upon resentencing, the trial court was required to award Villa those time credits.

We therefore remand the matter and instruct the trial court to recalculate Villa's total sentencing credits, including the 217 credits earned prior to his original sentencing date, and to amend the abstract of judgment accordingly.

## DISPOSITION

The matter is remanded for the trial court to prepare an amended abstract of judgment reflecting Villa's total sentencing credits, to include his actual credits and local conduct credits accrued prior to the original sentencing date on July 21, 2008, and to forward a copy of the amended abstract of judgment to the CDCR. In all other respects, the order on Villa's petition for resentencing is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

GAAB, J.*

We concur:

EGERTON, Acting P. J.

ADAMS, J.

---

* Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.